UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SCOTT T. LEWIS, | : | PRISONER<br>CASE NO. 3:03CV196(RNC)(DFM) |
| Petitioner |  |  |
| v. | : |  |
| COMMISSIONER OF CORRECTION, | : | NOVEMBER 25, 2003 |
| Respondent |  |  |

### RESPONDENT'S OBJECTION TO PETITIONER'S
### MOTION FOR PHYSICAL EXAMINATION

NOW COMES THE RESPONDENT and objects to the petitioner's motion, dated November 7, 2003, in which he requests that this Court order the DNA testing of certain evidence admitted at his 1995 criminal trial [Doc. # 20]. Connecticut law provides a mechanism by which the petitioner may request, and the sentencing court may order, the DNA testing of evidence. <u>The petitioner has moved the state court for a hearing and DNA testing in accordance with state law</u>. (See attached motion.) Therefore, the appropriate method by which the petitioner should seek such testing is through the state court.

**I.   PROCEDURAL HISTORY**

On May 10, 1995, the petitioner was convicted after a jury trial, <u>Ripley</u>, <u>J</u>., presiding, of two counts of murder in violation of General Statutes §§ 53a-8 and 53a-54a, and two counts of felony murder in violation of General Statutes § 53a-54c. On July 21, 1995, the petitioner was sentenced to one hundred and twenty years incarceration.

On direct appeal, the petitioner claimed "that: (1) the evidence was insufficient to prove felony murder beyond a reasonable doubt; (2) the court improperly limited cross-examination of the state's key witness; and (3) the court improperly excluded evidence of

a third party confession." State v. Lewis, 245 Conn. 779, 781, 717 A.2d 1140 (1998).  The petitioner raised "several challenges to the trial court's jury instructions" and also claimed "that his protection against double jeopardy was violated because he was convicted and sentenced for both murder and felony murder as to each victim." Id. at 781-82.  On August 4, 1998, the Connecticut Supreme Court reversed the judgment in part and remanded the case to the trial court "with direction to combine the defendant's convictions for the two counts of felony murder with his convictions for the two counts of intentional murder, and to vacate the felony murder sentences."  Id. at 819.  In all other respects, the Court affirmed the judgment of conviction.  Id.

On August 18, 1998, the petitioner filed a petition for writ of habeas corpus with this court.  Scott T. Lewis v. George Wezner, Case No. 3:98CV1666(JCH), U.S. District Court, District of Connecticut.  The Court dismissed the petition "without prejudice for failing to exhaust state remedies" and judgment entered on February 19, 1999.

On March 19, 1999, the petitioner filed a petition for writ of habeas corpus in the Superior Court for the judicial district of New Haven.  After a hearing on the merits of the petitioner's claims, the state habeas court denied those claims and dismissed the petition on September 17, 2001.  The petitioner appealed and on November 19, 2002, the Connecticut Appellate Court dismissed the petitioner's appeal.  Lewis v. Commissioner of Correction, 73 Conn. App. 597, 808 A.2d 1164 (2002).  The petitioner then petitioned the Connecticut Supreme Court for permission to appeal the decision of the Appellate Court.  That petition was denied on January 14, 2003.  Lewis v. Commissioner of Correction, 262 Conn. 938, 815 A.2d 137 (2003).

The petitioner initiated the instant proceedings under 28 U.S.C § 2254 on January 29, 2003. In his petition, he claims that: (1) he was denied due process because exculpatory evidence was suppressed; (2) that his conviction was based on perjured testimony; and (3) that his right to present a defense was violated because a "third-party confession" was not admitted at trial. See Petition [Doc. # 1]. In response to the Court's order to show cause, the respondent filed an answer and memorandum of law in opposition to the petition. [Docs. # 14 and 15]. Both were dated and filed July 31, 2003.

## II. ARGUMENT

The petitioner now seeks an order from the Court compelling the DNA testing of certain evidence admitted at his 1995 murder trial. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 1796-97, 138 L.Ed.2d 97 (1997). Thus, Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise. If necessary for effective utilization of discovery procedures, counsel shall be appointed by the judge for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g).

The instant petitioner claims that he can establish "good cause" because "at the time of his criminal trial, direct appeal, and post conviction motions . . . 'DNA testing' was not mandated by Connection law." Such allegation, however, fails to explain why he did not request an order from the state court directing DNA testing at the time of his criminal

3

trial--nor does it explain why he has approached this Court for DNA testing when the state sentencing court has not yet ruled on his pending motion requesting such testing.

In federal habeas corpus proceedings, "good cause" only exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief. . . ." Harris v. Nelson, 394 U.S. 286, 300, 89 S.Ct. 1082, 1091, 22 L.Ed.2d 281 (1969); Crawford v. Head, 311 F.3d 1288, 1328 (11th Cir. 2002); Payne v. Bell, 89 F. Supp. 2d 967, 970 (W. D. Tenn 2000). "The petitioner need not show that the additional discovery would definitely lead to relief. Rather, he need only show good cause that the evidence sought would lead to relevant evidence regarding his petition. However, vague and conclusory assertions are not sufficient under Rule 6 and a petitioner may not embark on a fishing expedition intended to develop claims for which there is no factual basis." Payne, 89 F. Supp. 2d at 970. See also Calderon v. U.S. District Court for the Northern District of California, 98 F.3d 1102, 1106, (9th Cir. 1996) ("courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation"); Charles v. Artuz, 21 F. Supp. 2d 168 (E.D.N.Y 1998) (denying discovery where petitioner sought information "merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error"). "A habeas petitioner may seek discovery under Rule 6(a) in order to develop those claims which are properly before the court, to obtain a factual basis on which to excuse procedural default, or to determine whether to request an evidentiary hearing." Payne v. Bell, 89 F. Supp. 2d 967, 970 (W. Dist. Tenn. 2000). None of these grounds are available to the instant petitioner.

In his petition, the petitioner raises three grounds upon which he requests relief. He claims that (1) the state suppressed information that a witness had given untrustworthy and false information to police on several occasions; (2) that his conviction was based on perjured testimony; and (3) that the trial court violated his right to present a defense by refusing to admit a "third-party confession" at his criminal trial. In his motion, the petitioner does not identify which of these claims the requested discovery would support. None of these constitute a claim of actual innocence. The requested discovery would have to support a claim that was exhausted and not procedurally defaulted in state court. Otherwise, his claim would not be reviewable because of the unexhausted or procedurally defaulted nature of the claim.[1] Thus, review of any such claim would be barred and discovery, even if favorable, would not lead to relief. As such, the petitioner has not presented a claim upon which he would be entitled to relief--even if the facts were fully developed through discovery.

---

[1] Federal habeas corpus relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A). Indeed, even if a petitioner can demonstrate a "clear violation" of his rights, federal relief is unwarranted unless available state remedies are exhausted. Duckworth v. Serrano, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam). This "exhaustion requirement springs primarily from considerations of comity." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982). It requires that federal courts refrain from exercising "habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law" and, thus, demonstrates "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Id.

A claim is not "exhausted" unless it has been presented to the highest state court. Daye v. Attorney General, 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). See also Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991) ("a petitioner must present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition"); Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990) (per curiam).

Likewise, the petitioner could not pursue such testing in order to establish good cause for his procedural default of the first two claims raised in his petition. See Sections III.A. and III.B. of the Respondent's Memorandum dated July 31, 2003. [Doc. # 14 or 15]. This is true because, subsequent to the decision in Payne, the Supreme Court held that the grounds advanced to excuse a procedural default must first be exhausted in state court. Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (a claim of ineffective assistance of counsel cannot be used to establish "cause and prejudice" for a procedural default unless it first has been exhausted in state court).

As a result, the petitioner's motion must be denied because he has not established the good cause necessary for the Court to grant his motion. A denial of the petitioner's request for DNA testing, however, will not prevent him from obtaining such testing. In support of his request, the petitioner directs this Court's attention to a recently enacted Connecticut statute that permits a state court to order the DNA testing of evidence which was used to convict an individual who is presently incarcerated. In relevant part, the statute, Public Acts 2003, No. 03-242 (P.A. 242), provides that:

> (a) Notwithstanding any other provision of law governing postconviction relief, any person who was convicted of a crime and sentenced to incarceration may, at any time during the term of such incarceration, file a petition with the sentencing court requesting the DNA evidence that is in the possession or control of the Division of Criminal Justice, any law enforcement agency, any laboratory or the superior court. The petitioner shall state under penalties of perjury that the requested testing is related to the investigation or prosecution that resulted in the petitioner's conviction and that the evidence sought to be tested contains biological evidence.
>
> (b) After notice to the prosecuting official and hearing, the court shall order DNA testing if it finds that:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing;

(2) The evidence is still in existence and is capable of being subjected to DNA testing;

(3) The evidence, or a specific portion of the evidence identified by the petitioner, was never previously subjected to DNA testing, or the testing requested by the petitioner may resolve an issue that was never previously resolved by previous testing; and

(4) The petition before the Superior Court was filed in order to demonstrate the petitioner's innocence and not to delay the administration of justice.

(c) After notice to the prosecutorial official and a hearing, the court may order DNA testing if it finds that:

(1) A reasonable probability exists that the requested testing will produce DNA results which would have altered the verdict or reduced the petitioner's sentence if the results had been available at the prior proceedings leading to the judgment of conviction;

(2) The evidence is still in existence and is capable of being subjected to DNA testing;

(3) The evidence, or a specific portion of the evidence identified by the petitioner, was never previously subjected to DNA testing, or the testing requested by the petitioner may resolve an issue that was never previously resolved by previous testing; and

(4) The petition before the Superior Court was filed in order to demonstrate the petitioner's innocence and not to delay the administration of justice.

(d) The costs of DNA testing ordered pursuant to this section shall be borne by the state or the petitioner, as the court may order in the interests of justice, except that DNA testing shall not be denied because of the inability of the petitioner to pay the costs of such testing.

    (e) In a proceeding under this section, the petitioner shall have the right to be represented by counsel and, if the petitioner is indigent, the court shall appoint counsel for the petitioner in accordance with section 51-296 of the general statues.

Thus, Connecticut state law provides a procedural mechanism whereby the petitioner may request, and the sentencing court may order, the DNA testing that the petitioner seeks. The petitioner has filed a motion for such testing (see attached motion). He should be required to await the decision of the state court before seeking an order from this Court--an order that he has not yet shown to be supported by good cause.

## III.　CONCLUSION

For the reasons described above, the respondent requests that this Court deny the petitioner's "Motion For Physical Examination" dated November 7, 2003. The respondent has no objection to such motion being denied <u>without prejudice</u> pending the resolution of the motion filed by the petitioner in state court in which he has requested DNA testing.

Respectfully submitted,

RESPONDENT--COMMISSIONER OF CORRECTION

By: _____
JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (facsimile)
Fed. Bar. No. ct 15122

## **CERTIFICATION**

I hereby certify that a copy of this objection was mailed to Scott T. Lewis, # 137682, Cheshire Correctional Institution, 900 Highland Avenue, Cheshire, Connecticut, 06410, on November 25, 2003.

_____
JO ANNE SULIK
Assistant State's Attorney