```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SCOTT T. LEWIS,                :

    Petitioner,            :

V.                             :        No. 3:03-CV-196(RNC)

COMMISSIONER OF CORRECTION,    :

    Respondent.            :

ORDER REGARDING FURTHER BRIEFING

Petitioner, a Connecticut inmate proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the validity of two murder convictions for which he has been sentenced to prison for 120 years. His petition presents three claims: the prosecution failed to disclose evidence he could have used to impeach the key witness against him; the same witness committed perjury; and the trial court improperly excluded evidence of a third party's confession.

In its response to the petition, the State contends that the first two claims are not subject to review because they were procedurally defaulted in a prior habeas proceeding in state court. The adequacy of a state procedural bar to federal habeas review is a federal question that depends on a number of factors. See Lee v. Kemna, 534 U.S. 362, 375, 382 (2002); Monroe v. Kuhlman, 433 F.3d 236, 240-42 (2d Cir. 2006); see generally Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and

Procedure § 26.2 (5th ed. 2005)(discussing components of cognizable default). In the court's view, further briefing on the applicability of the procedural default doctrine to the claims at issue here is necessary and appropriate.

The pertinent procedural history is undisputed. Petitioner brought a habeas petition in Superior Court, which as amended included the two claims at issue. After a hearing, the court denied the claims on the merits. Petitioner sought certification to appeal under Conn. Gen. Stat. § 52-470(b).[1] His request was denied by Justice Katz. He then filed an uncertified appeal. The Appellate Court declined to review his claims because he failed to advance any arguments in either his principal brief or reply brief concerning the propriety of Justice Katz's ruling, as required by Sims v. Warden, 230 Conn. 608, 612 (1994).[2] See

---

[1] Section 52-470(b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or on behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[2] Under Sims, if a habeas petition has been dismissed and a petition for certification to appeal has been denied, appellate review of the dismissal is not available unless the petitioner shows that (1) the denial of certification to appeal constituted an abuse of discretion and (2) the dismissal of the habeas petition should be reversed on the merits). See Reddick v. Comm'r of Correction, 51 Conn. App. 474, 477 (1999)(appeal dismissed due to petitioner's failure to show that denial of certification to appeal constituted abuse of discretion).

Lewis v. Comm'r of Correction, 73 Conn. App. 597, 598 (2002).  In addition, he failed to provide the Appellate Court with a transcript of the habeas trial.  See id. at 598-99.

In his memorandum of law in support of his habeas petition, petitioner contends that the procedural default doctrine does not bar review of his claims by this court.  See Mem. Of Law In Supp. Of Pet. (Doc. #18) at 3-9 (unnumbered).  He does not dispute the applicability of the procedural rules invoked by the Appellate Court.  He contends, rather, that the briefs he presented to the Appellate Court showed there were certifiable issues for appeal,[3] which could be fully reviewed based on certain exhibits included in the record.[4]

The State has not requested leave to respond to these arguments in petitioner's memorandum, which was filed after the State submitted its brief.  It would be helpful to have the benefit of the State's views, however, particularly because research reveals no case in which the procedural rules invoked by the Appellate Court served to bar federal habeas review.

---

[3]  See Pet.'s Mem. at 6-7 (unnumbered)("As a prerequisite to plenary review all that's needed is 'a demonstration that the habeas petitioner has been denied a federal constitutional right.' The petitioner's brief and reply brief to the Connecticut Appellate Court did just that.")

[4]  See id. at 7-9 (unnumbered)("There was no other evidence adduced at the state habeas court that was relevant to the issues on appeal; therefore, those portions of the habeas transcript were not relevant to the appeal in the Connecticut Appellate Court.  The record was adequate for review.")

Accordingly, the State will have 30 days from today in which to file and serve a supplemental memorandum showing why the Appellate Court's decision bars review of petitioner's claims, notwithstanding his position that he complied (or substantially complied) with the procedural rules invoked by the Appellate Court, because all the components of a federally cognizable default are fully satisfied.  If the State wishes to expand the scope of its submission to show that petitioner's claims must be rejected in any event because they are without merit, it is hereby given leave to do so.  Petitioner may file and serve a response to the State's supplemental memorandum within 21 days of the date it is filed.

It is so ordered this 14th day of September 2006.

_____/s/_____
Robert N. Chatigny
United States District Judge