Scott T. Lewis

    Petitioner,

v.

Commissioner of Correction

    Respondent,

No. 3:03 CV 196 (RNC)

FILED

2006 OCT 20 P 4:40

October 17, 2006

## "Motion for Default"

Pursuant to the order of this court, dated September 14, 2006, the Respondent wherein was mandated to file with this court the following by October 16, 2006:

    1) A supplemental memorandum showing why the Connecticut Appellate Court's decision bars federal review, and

    2) To expand its submission to address the merits.

(1)

A) THE RESPONDENT HAS "FAILED OR IGNORED" TO COMPLY WITH THE ORDERS OF THIS COURT.

B) THE PETITIONER ALLEGES THE RESPONDENT'S FAILURE IS THE RESULT OF THEIR INABILITY TO SUPPORT THE PROCEDURAL CLAIMS TO BAR REVIEW, AND SHOW THE PETITIONER'S CLAIMS ARE MERITLESS.

C) THE PETITIONER ASSERTS HIS CLAIMS ARE REVIEWABLE, ARE MERITORIOUS, AND THE RECORD IS SUFFICIENT[1] TO REVIEW SAID MERITS

D) THE PETITIONER ALSO REQUEST, IF NECESSARY, PERMISSION TO EXPAND THE RECORD[2] TO INCLUDE THE "ENTIRE FBI REPORT" AND OTHER EXHIBITS FOR THE COURT'S REVIEW.

RELIEF SOUGHT
_____

1) THE PETITIONER REQUEST THE RESPONDENT BE BARRED[3] FROM THE OPPORTUNITY TO FILE A LATE SUPPLEMENTAL MEMORANDUM SHOWING WHY THE APPELLATE COURT'S DECISION BARS REVIEW.

2) THE PETITIONER REQUEST THE RESPONDENT BE BARRED FROM ITS SUBMISSION TO SHOW THAT THE PETITIONER'S CLAIMS SHOULD BE REJECTED.

3) THE PETITIONER REQUEST THE RECORD BE EXPANDED, IF NECESSARY, IN ACCORDANCE WITH RULE 7.

PETITIONER,
Scott Lewis
McDOUGAL-WALKER CI
1153 EAST STREET SOUTH
SUFFIELD, CT 06080

## Certification

I, Scott Lewis, certify that a foregoing copy of this motion was mailed this 17th day of October 2006, to State's Attorney Jo Ann Sulik 300 Corporate Place, Rocky Hill, CT 06067.

*Scott Lewis*

## Footnotes

1) By way of this Court's order, dated March 30, 2005, the Petitioner relies on this Court's previous finding.

2) If the Petitioner's reliance on the previous court ruling is misplaced; the Petitioner request the opportunity to expand the record.

3) The Petitioner relies on this Court's ruling and previous research that revealed it found; no case, in which the procedural rules invoked by the Appellate Court serves to bar federal review, and the case of State v Golding 213 Conn. 233-236 which holds; that Connecticut substantive law does <u>not</u> preclude review of constitutional claims <u>not</u> preserved in the lower courts.