Scott T. Lewis,
     Petitioner

v

Commissioner of Correction,
          Respondent

Prisoner

FILED
3:03 CV 196 (RNC)
2006 NOV -7 P 2:52

November 2, 2006

Response to the State's Supplemental Memorandum of Law dated October 27, 2006.

Pursuant to this court's order filed September 15th 2006; the Petitioner hereby responds to the State's Supplemental Memorandum.

I. Supplemental Response

In his petition for a writ of Habeas Corpus, the Petitioner claims that: (1) He was denied Due Process because Exculpatory Evidence was suppressed (2) His conviction was based on Perjured Testimony, and (3) His right to present a defense was violated because a "Third-Party" confession was not admitted at trial.

(1)

A) THE PETITIONER DID NOT DEFAULT HIS CLAIMS IN STATE COURT, AND SAID CLAIMS ARE SUFFICIENT FOR FEDERAL REVIEW ON THE MERITS OF COUNT ONE, TWO AND THREE OF THE PETITION.

1. IN THE STATE'S SUPPLEMENTAL BRIEF THEY SEEM TO REHASH THE SAME ARGUMENT PUT FORTH IN THEIR PRINCIPLE BRIEF; NAMELY, THAT THE FAILURE TO FILE A TRANSCRIPT CONSTITUTES A DEFAULT TO APPELLATE REVIEW.

THE STATE'S ARGUMENT IS UNPREVAILING AND FAILS ON ITS MISAPPLICATION OF WHAT CONSTITUTES AN "ADEQUATE RECORD FOR REVIEW". AN ADEQUATE RECORD FOR REVIEW WAS TRANSLATED FROM THE TERMINOLOGY 'ADEQUATELY SUPPORTS' IN CONNECTICUT LAW AS LONG AGO AS STATE V BURNS, 165 CONN. 61, 70 (1973). UNDER CONNECTICUT LAW IT IS THE RESPONSIBILITY OF THE APPELLANT TO PROVIDE SUCH A RECORD TO REVIEW ANY CLAIMED IMPROPRIETY RAISED ON APPEAL. THE TERM 'RECORD' INCLUDES ALL TRIAL COURT DECISIONS, DOCUMENTS AND EXHIBITS (NECESSARY).

The State continues to rely on the Appellate Court's finding that the record was inadequate to review the Petitioner's claims, and thus the Petitioner is not entitled to Federal Habeas Review because the Appellate Court's ruling constitutes a procedural bar. However, the State continues to cite (no) authority to substantiate this argument. "No-where in the Appellate Court's decision does it indicate that that court's decision bars review by a higher court". It certainly did not bar review of the Connecticut Supreme Court through a request for certification, and it likewise cannot serve to bar review of the Federal Court's of higher jurisdiction when a Federal question is involved.

"The fact that the decision of the Connecticut Appellate Court did not serve to bar review or a request for certification to the Connecticut Supreme Court demonstrates that the decision by the Appellate Court is not an 'independent and adequate' state procedural rule that bars review by court's of higher jurisdiction.

(3)

For example: what if the Appellate Court's finding is wrong? There would be no recourse! Certainly such a rule would not demonstrate respect for Courts of Higher Jurisdiction or the comity of fairness and justice for all through the Fourteenth Amendment of the United States Constitution.

Furthermore, the State's reliance on Wainwright v Sykes, 433 US 72 is misplaced. First; Wainwright deals with an unpreserved Fourth Amendment challenge. "Federal Courts removed from the purview of federal habeas challenges resting on Fourth Amendment claims; see Schneckloth v Bustamonte, 412 U.S. 218, 250 (1973). Second; Florida State substantive law required the claim to be raised at trial.

Here, as opposed to Sykes, supra - the issues are not removed from purview of federal habeas, and importantly so - Connecticut substantive law allows for constitutional claims not preserved to be reviewed at any time under State v Golding, 213 Conn 233.

In fact, the Connecticut Supreme Court in Golding, supra, held that the Appellate Court erred in refusing to review Golding because the defendant's claim was constitutional in nature, and the record was clearly adequate to review it. As discussed earlier at page 3 and 4; there is no independent and adequate state procedural rule that bars review of claims that are constitutional in nature. Thereby, the state reliance on Glenn v Bartlett 98 F.3d 721, 724 (1996) and State v Spillane, 255 Conn. 746, (2001) are misplaced.

Lastly, and this point is worth re-iterating, the petitioner was <u>not</u> procedurally barred from seeking certification to the Connecticut Supreme Court, which he did, and no such rule bars the petitioner from federal habeas review. The state offers no authority to show otherwise.

As the court found in Lee v Kemna, 534 U.S 362, 385 (2000): Holding that the state appellate court's finding of a default could not prevent federal review, the Supreme Court, in effect, decided that a rule not relied upon by the state trial court and that would not change the outcome of the trial court decision and "that places form over substance may not be 'adequate' in certain cases to prevent federal review."

The state here seems to ask the contrary; to place form over substance. In other words, the state habeas court in its Memorandum of Decision considered the merits on the following evidence: 1) The probable cause and criminal trial exhibits offered as 14 and 15. 2) The transcript of testimony of Micheal Sweeney as exhibits 12 and 13. 3) The statements of Avil Ruiz dated January 14, 1991 and May 28, 1991 4) The court exhibit⁰ concerning the police report in the murder of Jacqueline Shaw, and 5) F.B.I interviews of Avil Ruiz. (See Record at pages 44-48 and 53-54)

These exhibits were presented to the Appellate Court for review[2], and they are the [only] evidence that the habeas trial court averts to in its memorandum of decision. The trial court did <u>not</u> avert to any other evidence to support its conclusions that were not presented to the Appellate Court for review.

Therefore, a finding that the record was inadequate to review based on not filing a transcript when exhibits were the sole basis of the habeas court's findings is putting form over substance. As stated in <u>Kemna</u>, supra, at 385 " Form over substance may not be adequate in certain cases to prevent federal review".

The State asserts on page 8 of their supplemental brief, that this state's rule is nearly identical to Rule 10(b)(2) of the Federal Rules of Appellate Procedure which provides that: (2) ... " The appellant must include in the record a transcript of all evidence relevant to that →

_____

[1] The Jacqueline Shaw report was a court exhibit and has never been made available to the petitioner.

[2] The exhibits are so attached herein, and were a part of the [record] at the Appellate Court

(7)

finding or conclusion". Here, the Appellant did just that in the form of testimonial exhibits.

The Memorandum of Decision clearly depicts that:

1) Quil Ruiz did NOT testify at the Habeas Hearing; and
2) Micheal Sweeney's transcript of testimony was introduced before the court.

The trial court did NOT refer to any other testimony as a basis for its finding. It was clearly a hearing about what Quil Ruiz testified to at the criminal trial vs what Quil Ruiz told police in various statements before and after trial; including oral statements to then Dective Micheal Sweeney. The record was sufficient for review as this court[3] has found.

---

[3] The petitioner files a motion with this court for a trial that was treated as a request for an evidentiary hearing on July 15, 2004 dated March 17, 2004, and this court ruled that the current record is sufficient to resolve the merits of the petition. Dated March 30th, 2005.

(8)

B) **MERITS** of **PETITION**

This court invited the State to expand the scope of its submission to address the merits of the petition. From a reading of the State's supplemental brief it was difficult to discern whether or not they did so.[1] The petitioner can only discern that the State's position on the merits is that the petitioner did not prove that the findings of the State habeas court were incorrect and that Sweeney's evidence does not prove such. **The petitioner disagrees.**

1) THE EVIDENCE OF MICHAEL SWEENEY'S ESTABLISHES:

  A) That Ovil Ruiz committed perjury when Ruiz testified at the probable cause hearing dated March 3, 1995 T.P 25 lines 25-27 T.P 26 lines 1-8 attached.

  B) That the State did not turn over Ovil Ruiz's oral statements to Sweeney when requested. Compare testimony of March 3, 1995 T.P 27 lines 9-27 to Sweeney testimony dated October 25, 1999 T.P 49

---

[1] The petitioner discerns that this aspect of the State's supplemental brief begins on page 10 and ends at some point on page 11.

(9)

C) That Ovil Ruiz committed perjury when Ruiz testified at the probable cause hearing dated March 16, 1995 T.P 10 lines 13-27. T.P 14 lines 18-22. Compare with testimony of Sweeney dated October 25, 1999 T.P 9-18.

D) That Ovil Ruiz committed perjury when Ruiz testified at the criminal trial dated April 25, 1995 T.P 130 line 26 through T.P 131 line 7. T.P 135 line 25 through T.P 136 line 1-17. Compare with Sweeney testimony dated October 25, 1999 T.P 9-18.

E) That Ovil Ruiz committed perjury when Ruiz testified at the criminal trial dated April 27, 1995 T.P 79 line 4-10. Compare with Sweeney testimony dated October 25, 1999 T.P 9-18.

F) That Ovil Ruiz admitted prior to the criminal trial, the probable cause hearing, and his (written statements), that his subsequent trial testimony was FALSE, and the information in his testimony was given to him by then Detective Rovella. (See Testimony of Sweeney dated October 25, 1999 and October 26, 1999. Compare with criminal trial testimony of Ovil Ruiz.) And that Sweeney himself suppressed these facts. (See Sweeney Testimony dated October 25, 1999 T.P 49).

(10)

G) That Ovil Ruiz recantation to the FBI was credible, and not the product of threats by the petitioner. Compare the FBI report dated February 22, 1996 with Sweeney evidence dated October 25, 1999 and October 26, 1999.

H) That Ovil Ruiz committed perjury at the criminal trial about state's exhibit Q1. Compare with the FBI report dated March 25, 1996 page 7 paragraph 9 with the telephone number within state's exhibit Q1.

2) The state habeas court found that: 1) Sweeney's evidence did not prove that exculpatory evidence was suppressed, and 2) that Sweeney did not have evidence of Ovil Ruiz untruthfulness.

3) The state habeas court clearly expressed that that court's findings were premised on its evaluation of the criminal trial evidence and the evidence of Micheal Sweeney.

4) The findings of the state habeas court were incorrect. Sweeney's evidence proves the petitioner's claims.

(11)

II. THE PETITIONER HAS EXHAUSTED ALL OF HIS CLAIMS THAT EXCULPATORY EVIDENCE WAS SUPPRESSED.

THE STATE SEEMS DESPARATE TO ATTEMPT TO DO ANYTHING TO PERVERT JUSTICE IN THIS CASE.

THE STATE FAILS TO RECOGNIZE THAT THE STATE HABEAS COURT IN ITS MEMORANDUM OF DECISION ENCOMPASSED ALL THE EVIDENCE IN CONSIDERATION OF THE SUPPRESSION CLAIM. EACH SEPERATE PIECE OF EVIDENCE DID NOT CREATE A SEPERATE ISSUE FOR THE COURT OR COURTS TO CONSIDER. THE COURT BASED THE MERITS OF THE CLAIM ON THE WHOLE OF THE EVIDENCE NOT THE PARTS. THE WHOLE OF THE EVIDENCE ENCOMPASSED ALL THE EXHIBITS BEFORE THE COURT, AND THE DECISION WAS THUS BASED ON THEIR CONSIDERATION.

THE PETITIONER DID NOT DEFAULT SAID CLAIM BROUGHT BEFORE THE COURT'S. THE EVIDENCE WAS PRESENTED TO THE APPELLATE FOR ITS CONSIDERATION.

(12)

## Conclusion

For the reasons discussed above, the Petitioner is entitled to Federal Habeas Corpus Relief.

Respectfully Submitted

Scott Lewis
Pro Se Petitioner
McDougal-Walker CI
1153 East Street South
Suffield, CT 06080

## Certification

I hereby certify that a copy of this Memorandum was mailed to Jo Anne Sulik, Senior Assistant State's Attorney, Office of the Chief State's Attorney, 300 Corporate Place, Rocky Hill, CT 06067 on this 2nd day of November 2006.

Scott Lewis