UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT T. LEWIS, | : | PRISONER<br>CASE NO. 3:03CV196(RNC)(DFM) |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF CORRECTION, | : | FEBRUARY 18, 2009 |
|     Respondent | : | |

**MOTION FOR ENLARGEMENT OF TIME
WITHIN WHICH TO COMPLY WITH THE COURT'S ORDER**

Pursuant to Rule 7(b) of the Local Rules Of Civil Procedure For The District Of Connecticut, the respondent hereby moves for an enlargement of time to **March 31, 2009**, to comply with the Court's order [Doc. # 41] to "file, on or before November 3, 2008, a complete transcript of the habeas trial." Subsequently, that deadline was extended to January 2, 2009. [Docs. # 45 and # 46.] At this time, the petitioner is appearing pro se in this matter and is incarcerated. Therefore, counsel for the respondent is unable to ascertain whether he objects to the granting of this motion. This is the respondent's second motion for enlargement of time within which to comply with the Court's order.

**I.   HISTORY OF PROCEEDINGS**

On January 29, 2003, the petitioner initiated the instant proceedings under 28 U.S.C § 2254. In so doing, he presented the Court with claims that: (1) he was denied due process because exculpatory evidence was suppressed; (2) his conviction was based on perjured testimony; and (3) his right to present a defense was violated because a "third-party confession" was not admitted at trial. On July 31, 2003, the respondent filed its answer and a memorandum in opposition to that petition. In that memorandum, the respondent explained that the petitioner was not entitled to habeas corpus relief because

(1) his claim that exculpatory evidence was suppressed was defaulted in state court pursuant to an independent and adequate state procedural rule, (2) his perjured testimony claim also was defaulted, and (3) the decision of the Connecticut Supreme Court rejecting his "third-party confession" claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

On September 14, 2006, this Court requested further briefing "showing why the Appellate Court's decision bars review of petitioner's claims, notwithstanding his position that he complied (or substantially complied) with the procedural rules invoked by the Appellate Court. See Order [Doc. # 30] at 4. On or about October 27, 2006, the respondent filed a supplemental memorandum of law.

On September 23, 2008, the Court "concluded that it is necessary to review the transcript of petitioner's habeas trial in Connecticut Superior Court (Zoarski, J.)" and ordered the respondent to produce such transcripts on or before November 3, 2008.

## II.    REASONS FOR REQUEST

The petitioner's state habeas trial was held over five days: June 20, 2001, July 5, 6, and 27, 2001, and August 2, 2001. Neither the respondent nor the State of Connecticut have previously ordered that these proceedings be transcribed. The transcripts of these proceedings have been ordered. Previous discussions with the court reporter indicated that the transcripts would not be completed until mid-to-late December 2008. Subsequent conversations, however, reveal that this estimate was based on an assumption that the relevant tapes would be delivered from storage. Apparently, that assumption has proved false. Although the court reporter has ordered the relevant tapes at least twice, they have not been received. One exception exists. The tape of the proceedings of July 6, 2001 was

located and transcribed. A copy of that transcript is forwarded with this motion. Until the court reporter completes the remaining transcripts, the respondent does not possess a copy to provide the Court and to the petitioner.

### III.  CONCLUSION

For these reasons, the respondent hereby moves this court for an enlargement of time to **March 31, 2009**, to file the transcripts of the petitioner's state habeas corpus trial.

Respectfully submitted,

RESPONDENT--COMMISSIONER OF CORRECTION

By:  /s/
JO ANNE SULIK
Senior Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)
Fed. Bar. No. ct 15122

### CERTIFICATION

I hereby certify that a copy of this motion was mailed to Scott T. Lewis, # 137682, MacDougall Correctional Institution, 1153 East Street South, Suffield, Connecticut 06080, on February 18, 2009.

/s/
JO ANNE SULIK
Senior Assistant State's Attorney