Scott Lewis,

v

Commissioner of Corr.

Case No. 3:03 CV 196 (RNC)

FILED
SEPTEMBER 14, 2009
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

Permission for Leave to File the instant Memorandum of Law Addressing the Concerns of the Court Expressed on September 16, 2009.

―――

Pursuant to this Courts Request to Address the Question of whether the Record <u>Before</u> " the Connecticut Appellate Court" was Adequate To Address or Review the Suppression of Evidence Claim? I Submit the Following.

-1-

I. BACKGROUND

On September 16, 2009, at 2pm, this court held a phone conference and released its findings, as of said date, to the parties. Among these findings, the court held that the state habeas trial transcript was important. The court found as a result of reviewing that transcript, that "the state misrepresented" the legal argument before the Connecticut Appellate Court and as a result improperly influenced that court by said misrepresentations. Thereby, the Connecticut Appellate Court [never] evaluated whether the record was sufficient to review the suppression claim put forth.

THE COURT THEREAFTER REQUESTED THAT THE STATE NOW RESPOND TO THE QUESTION; WHETHER THE RECORD <u>BEFORE</u> "THE CONNECTICUT APPELLATE COURT" WAS ADEQUATE TO REVIEW THE SUPPRESSION CLAIM? THE CORRECT LEGAL ISSUE BEFORE THAT COURT BUT MISREPRESENTED BY THE STATE.

II. ARGUMENT

THE PETITIONER HERE WOULD ARGUE THAT BECAUSE OF THE "MISREPRESENTATION BY THE STATE" TO THE CONNECTICUT APPELLATE COURT; THAT THE STATE THUS "<u>EFFECTIVELY WAIVED</u>" ANY TYPICAL PROCEDURAL DEFENSES TO THE CLAIM IN STATE COURT. THIS IS BECAUSE AS A RESULT OF THAT MISREPRESENTATION, THERE IS [NO] REASONED STATE COURT DECISION TO ASSESS BY THIS COURT.

In situations like this, the "District Court" must conduct an independent review of the record, before it, and owes [no] deference to the state court record. (See: Reynoso v. Giurbino, 462 F.3d 1099, 1119 (9th Cir. 2006). Certainly the state cannot claim that the misrepresentation constitutes an independent and adequate state ground to bar federal review. Because the state appellate court record is void on this point, and the state is left with [no] decision from the state appellate court from which to argue, this court is left with [no] decision from the state appellate court to evaluate. Therefore, the review is "de novo" on the record before [this] court.

As a result, Section 2254(d) of the Rules of Federal Habeas Corpus Practice and Procedure are [NOT] Applicable. (See Jimenez v. Walker, 458 F.3d 130, 137 n.4 (2d Cir. 2006), cert. denied, 127 S.Ct 976 (2007) Sperry v. McKune, 445 F.3d 1268, 1274-75 (10th Cir. 2006) cert. denied, 127 S.Ct 597 (2006).

## III. Conclusion

I would argue that the question to the state must address the record before [this] Court; NOT the Connecticut Appellate Court, for the State's Misrepresentation[1] Denies that Court of any reasoned decision to evaluate.

IV  **Relief**

The Petitioner request that this court proceed on the merits and record before this court.

Submitted
*Scott Jewid*
    Pro-SE


FOOTNOTE

1. The Petitioner asks this court to recognize that because of that misrepresentation by the state, and other's, namely the informant's death, that the Petitioner's justice in this case has been "Unjustly Delayed", and should note when they occurred and there significance.