**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| | : | **PRISONER** |
| **SCOTT T. LEWIS,** | : | **CASE NO. 3:03CV196(RNC)(DFM)** |
| ***Petitioner*** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMISSIONER OF CORRECTION,** | : | **NOVEMBER 30, 2009** |
| ***Respondent*** | : | |

**MOTION FOR ENLARGEMENT OF TIME**
**NUNC PRO TUNC**
**WITHIN WHICH TO COMPLY WITH**
**THE COURT'S ORDER FOR SUPPLEMENTAL BRIEFING**

Pursuant to Rule 7(b) of the Local Rules Of Civil Procedure For The District Of Connecticut, the respondent hereby moves for an enlargement of time, nunc pro tunc, to **December 16, 2006** to file the respondent's response to this Court's request for supplemental briefing. The respondent's memorandum was due on November 16, 2009. This is the respondent's first motion for extension of time as to this supplemental memorandum. The undersigned counsel has contacted counsel for the petitioner, who opposes the granting of this motion.

## I. HISTORY OF PROCEEDINGS

On January 29, 2003, the petitioner initiated the instant proceedings under 28 U.S.C § 2254. In so doing, he presented the Court with claims that: (1) he was denied due process because exculpatory evidence was suppressed; (2) his conviction was based on perjured testimony; and (3) his right to present a defense was violated because a "third-party confession" was not admitted at trial. On July 31, 2003, the respondent filed its answer and a memorandum in opposition to that petition. In that memorandum, the

respondent explained that the petitioner was not entitled to habeas corpus relief because (1) his claim that exculpatory evidence was suppressed was defaulted in state court pursuant to an independent and adequate state procedural rule, (2) his perjured testimony claim also was defaulted, and (3) the decision of the Connecticut Supreme Court rejecting his "third-party confession" claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

On September 14, 2006, this Court requested further briefing "showing why the Appellate Court's decision bars review of petitioner's claims, notwithstanding his position that he complied (or substantially complied) with the procedural rules invoked by the Appellate Court. See Order [Doc. # 30] at 4. On or about October 27, 2006, the respondent filed that supplemental memorandum of law.

On September 23, 2008, the Court "concluded that it is necessary to review the transcript of petitioner's habeas trial in Connecticut Superior Court (Zoarski, J.)" and ordered the respondent to produce such transcripts on or before November 3, 2008. Those transcripts were forwarded to this Court in March 2009.

Subsequently, transcripts of the petitioner's criminal trial were forwarded to the Court in September 2009.

## II. GROUNDS UNDERLYING MOTION

The grounds for this motion are:

1. On September 16, 2009, the Court requested additional supplemental briefing in this habeas corpus matter. The undersigned counsel's completion of that

briefing, however, has been delayed due to the need to address other matters for which I am responsible.

2. For example, on September 21, 2009, I represented the respondent at oral argument before this Court in the matter of *Paul Coney v. Commissioner of Correction*, A.C. 29618. After appearing for that argument, I traveled to Rockville, where I represented the respondent at the trial in the habeas corpus action of *Anthony Brunetti v. Warden, State Prison*, Docket No. CV07-4001716, Superior Court in the judicial district of Tolland. On September 23, 2009, I filed a pre-trial brief and represented the respondent at the trial in the habeas corpus action of *Scott Swain v. Warden, State Prison*, Docket No. CV05-4000294, Superior Court in the judicial district of Tolland. On September 24, 2009, I represented the respondent at a hearing in the habeas corpus action of *Ralston Samuels v. Warden, State Prison*, Docket No. CV05-4000544, Superior Court in the judicial district of Tolland. On September 25, 2009, I represented the respondent at the trial in the habeas corpus action of *Michael Hilton v. Warden, State Prison*, Docket No. CV03-0825394, Superior Court in the judicial district of Tolland. Due to illness, I was unable to work on September 28 and 29, 2009 and I only worked a half-day on September 30, 2009.

3. On October 5, 2009, I represented the respondent at a hearing in the state habeas corpus matter of *Lawrence Smith v. Warden, State Prison*, Docket No. CV08-4002747, Superior Court in the judicial district of Tolland. On October 6, 2009, I represented the respondent at a hearing in the state habeas corpus matter of *Bennie Gray v. Warden, State Prison*, Docket No. CV02-0814300, Superior Court in the judicial district of Hartford. On October 15, 2009, I represented the respondent at the trial in the

habeas corpus matter of *Ernest Francis v. Warden, State Prison*, Docket No. CV00-0800883, Superior Court in the judicial district of Tolland. On October 22, 2009, I filed the respondent's response to the Court's order to show cause in the matter of *Jason Faison v. Commissioner*, Case No. 3:09cv684 (MRK), United States District Court, District of Connecticut. On October 29, 2009, I filed a pretrial brief in the state habeas corpus matter of *Roy Trotter v. Warden, State Prison*, Docket No. CV06-4001228, Superior Court in the judicial district of Tolland. On October 30, 2009, I represented the respondent at the trial in that same matter, *Roy Trotter v. Warden, State Prison*.

4. On November 3, 2009, I filed a 33-page objection to a motion for summary judgment filed in the habeas corpus matter of *Lawrence Smith v. Warden, State Prison,* Docket No. CV08-4002747, Superior Court in the judicial district of Tolland. On or about November 10, 2009, I completed and filed a 40-page objection to the petitioner's motion for summary judgment in the habeas corpus matter of *Michael Walker v. Warden, State of Connecticut*, Case No. 3:07cv1796(RNC), United States District Court, District of Connecticut. On or about November 17, 2009, I completed and mailed a 35-page post-trial brief in the state habeas corpus action of *Anthony Brunetti v. Warden, State Prison*, Docket No. CV07-4001716, Superior Court in the judicial district of Tolland. On November 23, 2009, I completed and mailed a motion to dismiss and supporting memorandum in the habeas corpus matter of *James Ward v. Brian K. Murphy*, Case No. 3:09cv1113(CSH), United States District Court, District of Connecticut. At present, I am drafting the respondent's brief in the appeal of the state habeas matter of *Pablo Vazquez v.*

*Commissioner of Correction*, A.C. 30302. That brief is due to be filed in the Connecticut Appellate Court on December 7, 2009.

5. Due to these and other considerations, the respondent hereby moves this court for an enlargement of time to **December 16, 2009**, to file its response in the above-captioned matter.

Respectfully Submitted,

RESPONDENT–COMMISSIONER OF CORRECTION

By: /s/

JO ANNE SULIK
Senior Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (facsimile)
E-mail: JoAnne.Sulik@po.state.ct.us
Fed. Bar. No. ct 15122

**CERTIFICATION**

I hereby certify that a copy of this motion was mailed to Attorney Brett Dignam, Yale Law School, P.O. Box 209090, New Haven, Connecticut 06520-9090, (203) 432-4800, (203) 432-1426 (facsimile) on November 30, 2009.

/s/
JO ANNE SULIK
Senior Assistant State's Attorney