## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

SCOTT T. LEWIS,

                Petitioner,

  v.

COMMISSIONER OF CORRECTION,

                Respondent.

3:03-cv-00196 (CSH)

### RULING ON RESPONDENT'S MOTION FOR RECONSIDERATION

HAIGHT, Senior District Judge:

### I.     Introduction

Petitioner Scott T. Lewis applies to this Court for a writ of habeas corpus, making three claims regarding his conviction for murder: (1) he was denied due process because exculpatory evidence was suppressed (the "*Brady* claim"); (2) his conviction was based on perjured testimony (the "perjury claim"); and (3) his right to present a defense was violated because a third-party confession was not admitted at trial (the "third-party confession claim").  On February 23, 2012, this Court issued a Ruling on Respondent's Procedural Objections (the "Feb. 23 Ruling") [Doc. 113], in which it found that it is procedurally barred from considering the perjury claim.  In the Feb. 23 Ruling, the Court stated that it will conduct an evidentiary hearing with respect to the two remaining claims.  Feb. 23 Ruling at 17.[1]

On March 8, 2012, respondent Commissioner of Correction filed the present motion, which

---

[1]  The factual and procedural background in this matter is described in the Feb. 23 Ruling at 2-4 and is not repeated here.

it labels a Motion for Reconsideration as to Court's Order for an Evidentiary Hearing (the "Motion") [Doc. 121], arguing that this Court is barred from conducting an evidentiary hearing in this matter by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254.  While the Motion is labeled a motion for reconsideration, it is not a motion for reconsideration of a ruling in the normal sense, but rather a vehicle for bringing Respondent's objections to the holding of an evidentiary hearing before the Court.  Thus, the Court does not address here the legal standard for granting a motion for reconsideration, but rather proceeds to the Respondent's objections.

If a habeas petition is not dismissed on initial review, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  "Prior to [AEDPA], the decision to hold an evidentiary hearing in a federal habeas action was generally left to the sound discretion of the district courts ... That basic rule has not changed."  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  *Id.* at 474.  In this case, the Court has found that an evidentiary hearing is warranted.

Respondent argues that two provisions of AEDPA bar an evidentiary hearing in this matter: 28 U.S.C. § 2254(d)(1) and 28 U.S.C. § 2254(e)(2).  Memorandum of Law in Support of Respondent's Motion for Reconsideration ("Supp. Memo.") [Doc. 121-1] *passim*.  Petitioner argues that neither provision bars such a hearing.  Petitioner's Memorandum in Opposition to Respondent's Motion for Reconsideration as to Court's Order for an Evidentiary Hearing ("Opp. Memo.") [Doc.

2

126-1] *passim*.   The Court addresses each of these provisions in turn.

## II.   Section 2254(d)(1)

The first provision of AEDPA at issue, 28 U.S.C. § 2254(d), places limits on the granting of a habeas corpus application.    It does not address the Court's discretion to order evidentiary hearings. However, Respondent argues that one of its sub-sections, Section 2254(d)(1), nevertheless places limits on the Court's discretion to order evidentiary hearings.  Supp. Memo. at 2-3.

Section 2254(d) provides as follows:

(d)   An application for a writ of habeas corpus on behalf of a prisoner in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
    (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, Sections 2254(d)(1) and (2) constitute the two conditions under which a petitioner can obtain a writ of habeas corpus with respect to a claim when that claim was adjudicated on the merits in state court.

Respondent's argument that Section 2254(d)(1) bars an evidentiary hearing is based on the Supreme Court's holding in *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).  The Supreme Court there held that a district court's decision about whether or not the Section 2254(d)(1) condition applies should be based exclusively on the record before the state court.  And, while Respondent does not make this point, Section 2254(d)(2) expressly requires a district court to rely on the state-court record to determine whether the alternative condition applies.  If the only issue before the Court in this matter was the issue of whether Section 2254(d) bars habeas relief, an evidentiary hearing

would not be appropriate.

However, that is not the only issue before the Court. The Court must decide other questions, including, *inter alia*, (1) whether, if Section 2254(d) does not bar relief, relief is warranted; and (2) whether Petitioner's claim of actual innocence requires the Court to reach the merits of his defaulted perjury claim. *See House v. Bell*, 547 U.S. 518, 537-40 (2006). The Feb. 23 Ruling makes it clear that the Court did not order a hearing specifically on the Section 2254(d) issue. Rather, it is to be a hearing "with respect to the *Brady* claim and Petitioner's third claim, which is the third-party confession claim." Feb. 23 Ruling at 17.

Respondent's argument seems to be that *Cullen* bars evidentiary hearings on all issues in habeas petitions, generally or in some cases. In fact, the *Cullen* holding was confined to the question of whether the Section 2254(d)(1) condition applies. *Cullen* at 1398-1400.

Petitioner devotes considerable space in his brief to arguing that Section 2254(d) does not bar habeas relief in this matter. Opp. Memo. at 10-16, 19-20. However, the present Motion does not place that question before the Court, and nothing in this Ruling constitutes a holding on that question. The only issue raised by the Motion is the propriety of an evidentiary hearing.

 Respondent's first AEDPA argument is without merit.

## III.    Section 2254(e)(2)

The second provision of AEDPA upon which Respondent relies, 28 U.S.C. § 2254(e)(2), bars evidentiary hearings under certain specific circumstances. It reads as follows:

> (2)    *If the applicant has failed to develop the factual basis of a claim in State court proceedings*, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>     (A) the claim relies on--
>         (i) a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

        (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(Emphasis added.)

Section 2254(e)(2) thus applies only if Petitioner has failed to develop the factual basis of the claim in state court. Respondent's argument on this point could hardly be less clear, but it appears that Respondent assumes, without arguing, that Petitioner failed to develop the factual basis for his *Brady* claim. Supp. Memo. at 16. Respondent does not extend the Section 2254(e)(2) argument to the third-party confession claim at all. Petitioner, on the other hand, asserts that he developed certain facts in state court, but does not discuss his development of the facts that are relevant to the *Brady* claim. Opp. Memo. at 21-22.

The Court, in the absence of argument from the parties on the question of whether Petitioner developed the factual basis for his *Brady* claim in state court, could deny the Motion simply because Respondent has not shown why Section 2254(e)(2) applies. However, the Court notes that Petitioner *did* develop the factual basis for his claims in state court. At the state habeas trial Petitioner presented, *inter alia*: (1) the testimony of his former attorney, John Williams, directly on the *Brady* issue; (2) eleven documents, including several directly relevant to his *Brady* and third-party confession claims, such as the full transcript of Detective Michael Sweeney's testimony in *Morant v. State*, No. 398736, 2000 WL 804695 (Conn. Super. Ct. June 5, 2000); and (3) more than two days of testimony from other witnesses, much of which was relevant to the *Brady* and third-party confession claims. He was prevented from presenting what might have been his most important

5

evidence because Ovil Ruiz, a central figure in this matter, invoked his Fifth Amendment privilege against self-incrimination and refused to answer Petitioner's questions.  *See* Transcript of State Habeas Trial, attached as Exhibit 6 to Petitioner's Updated Response to Respondent's Second Supplemental Memorandum of Law [Doc. 110].

Respondent has not established that Petitioner failed to develop the factual basis for any of his claims.  Thus, Respondent's second AEDPA argument is also without merit.

## IV.    Conclusion

Respondent has not established that the Court lacks discretion to hold an evidentiary hearing in this matter and the Court sees no reason to modify its order for such a hearing.  Respondent's Motion for Reconsideration as to Court's Order for an Evidentiary Hearing [Doc. 121] is DENIED. Petitioner's Motion to Proceed to an Evidentiary Hearing [Doc. 131] raises a different set of issues, and nothing in this Ruling constitutes a holding on that motion.

It is SO ORDERED.

September 7, 2012
New Haven, Connecticut

   */s/ Charles S. Haight Jr.*
Charles S. Haight Jr.
Senior United States District Judge

6