## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT T. LEWIS, | : | |
| | : | CASE No. 3:03-cv-196 (CSH) |
| Petitioner, | : | |
| | : | |
| vs. | : | **FEBRUARY 19, 2013** |
| | : | |
| COMMISSIONER OF CORRECTION, | : | |
| | : | |
| Respondent. | : | |

### RULING ON PETITIONER'S MOTION TO AMEND HIS PETITION

**HAIGHT, Senior District Judge:**

Petitioner Scott T. Lewis, currently incarcerated by the State of Connecticut following his conviction by a state court jury of murder in 1995, and protesting his innocence, filed this Petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner now moves for leave of the Court to file an Amended Petition. Respondent State Commissioner of Corrections ("Respondent" or "the State") opposes that motion. This Ruling resolves it.

### I.  BACKGROUND

Respondent asserted by motion that certain of Lewis's federal habeas claims were procedurally barred. The Court addressed those issues in a Ruling [Doc. 113], familiarity with which is assumed. Stated succinctly, the Petition attacked Lewis's state conviction upon three grounds: (1) he was denied due process because exculpatory evidence was suppressed by the prosecutors (the "*Brady* claim"); (2) his conviction was based on perjured testimony (the "perjury claim"); and (3) his right to present a defense was violated because a third-party confession to the underlying murders

1

was not admitted at Lewis's state trial.  The State  contended that the first two of these claims were barred by Petitioner's failure to exhaust state remedies, and by his procedural default under state practices.  As to the third claim, the State did not urge either failure to exhaust or procedural default, and acknowledged that it was ripe for a hearing on the merits.

The Court held in  its Ruling [Doc. 113] that Lewis's second federal habeas claim, the perjury claim, was barred by state-law procedural default, based on the adequate record rule, but his first claim, the *Brady* claim, was not barred by failure to exhaust state remedies or by procedural default.  "It follows," the Ruling concluded, "that the Court will conduct an evidentiary hearing with respect to the *Brady* claim and Petitioner's third claim, which is the third-party confession claim."

That Ruling was filed on February 23, 2012.  On March 8, 2012, Respondent filed a motion for reconsideration of the Court's order for an evidentiary hearing [Doc. 121].  On April 16, 2012, Petitioner filed a motion for leave to file an Amended Petition in the form attached to his motion papers [Doc. 127-29, 143].  Respondent's motion for reconsideration argued that an evidentiary hearing into Lewis's claims was precluded by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C.  § 2254.  The Court denied Respondent's motion for reconsideration in a written Ruling [Doc. 163].  The present  Ruling addresses Petitioner's motion to amend his Petition [Doc. 127].

## II.  DISCUSSION

### A. The Proposed Amended Petition

Lewis's proposed Corrected Amended Petition [Doc. 143-2] is not a modest or sketchy document.  It is 119 pages long.  The reader does not reach the concluding "Prayer for Relief" until

numbered paragraph 373. The Amended Petition's three separate "Claims for Relief" are preceded by 3 pages of introductory conclusory argument and 82 pages containing 284 paragraphs of mostly factual allegations, replete with footnotes to sources. Those allegations are divided among the three previously identified heads of claim: *Brady* (Claim One); perjury (Claim Two); and third-party confession or culpability (Claim Three). The State objects to the Amended Petition, insofar as it seeks to assert claims the State perceives as "new." To that extent, the State contends that the Court should not grant Lewis leave to file this amended pleading. The briefs of counsel relate primarily to Claim One, the *Brady* claim, and I begin with that subject.

**B.     The *Brady* Claim as Pleaded in the Proposed Amended Complaint**

The essence of Lewis's *Brady* claim is stated in the caption to the proposed Amended Complaint's relevant paragraphs, at page 85: "The State suppressed material exculpatory and impeachment evidence sufficient to undermine confidence in the verdict of Petitioner's trial," in violation of Petitioner's constitutional fair trial rights and the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963) and its numerous progeny. That caption is followed by ¶ 285, which lists "six pieces of material evidence" that "the State failed to disclose," in violation of those obligations. That suppressed and undisclosed evidence may be summarized thus:

a. Prior inconsistent statements made by Ovil Ruiz, a key State witness at Lewis's state trial, the inconsistencies lying between Ruiz's statements to New Haven Police Department (NHPD) detectives and his official recorded statement and trial testimony.

b. NHPD detective Vincent Raucci's inappropriate coaching of Ruiz.

c. An NHPD police report and arrest warrant created during an investigation into the

3

shooting of one Javier Torres, which documented that Ruiz had misled the police during the course of the investigation.

  d. The identity and death of one Frank Graham, a confidential informant who reported the confession of one Michael Cardwell to the underlying murders to the NHPD, the State thereafter challenging Lewis's assertion at his trial of witness unavailability, a challenge that resulted in the exclusion of evidence of third-party culpability offered by Lewis.

  e. An agreement between a prosecutor, David Gold, and Ruiz that Ruiz would not be prosecuted, in exchange for his trial testimony against Lewis and in a separate trial of Stefon Morant, also accused of the underlying murders.

  f. Ruiz's unsatisfactory cooperation with the police in connection with the murder of one Jacqueline Shaw, one day after the underlying murders, an account given by NHPD officers to the press having indicated that Ruiz approached the police with information about the Shaw murder, and the detectives had initial reservations about his credibility, trustworthiness and truthfulness.

  After alleging a multitude of facts in support of each of these suppressed and undisclosed "pieces of material evidence," the Amended Complaint sums up its *Brady* claim with conclusory and argumentative assertions in ¶ 319: "The cumulative impact of hearing the suppressed evidence would have made it at least reasonably probable that a jury would not have convicted Mr. Lewis." Much of the suppressed evidence relates to Ruiz, of whom it is said: "Ruiz's testimony was the linchpin of the State's case – without confidence in Ovil Ruiz's testimony, the jury would have had no confidence in the prosecution and would not have voted to convict." *Id*. In addition, had Lewis known of the death of Frank Graham and been able to make it known to the trial judge, evidence of third-party culpability would have been admissible, "which would have given the jury reason to

significantly doubt Mr. Lewis's guilt," so that but for the suppression of all this evidence in violation of Lewis's constitutional rights, "Mr. Lewis would not have been convicted." *Id.*

C.      **Respondent's Objections to the *Brady* Claim as Pleaded in the Amended Complaint**

Respondent's opposition to Petitioner's motion to amend his petition is stated in a brief [Doc. 151] which is concerned almost exclusively with the *Brady* claim. In the State's perception, the Amended Petition "raises new claims" of wrongfully suppressed "information," specifically: Ruiz's conduct regarding the Torres shooting; the identity and death of Frank Graham; the agreement between ASA David Gold and Ruiz not to prosecute Ruiz; and Ruiz's participation in the Jacqueline Shaw murder investigation. All of these subjects relate to and are embraced by Lewis's Claim One in the proposed Amended Complaint: the *Brady* claim. Lastly, Respondent perceives a "new claim" in the Amended Complaint's allegation in ¶ 329 that "[n]ewly discovered evidence of perjury" shows Ruiz lied about a cooperation deal he had with the State during Lewis's criminal trial. That assertion forms a part of Claim Two in the proposed Amended Complaint: the perjury claim.

Respondent argues in his brief that each of these claims, characterized by Respondent as "new," is barred by failure to exhaust state remedies, or is time-barred under the AEDPA, or both. In consequence, Respondent concludes, filing an amended pleading containing such claims would be futile, and leave to file the proposed Amended Complaint should be denied.

D.      **Standard of Review**

This federal habeas corpus proceeding by a state prisoner is governed by 28 U.S.C. §§ 2244 and 2254. Lewis seeks leave of the Court to amend his petition. Section 2242 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules

5

of procedure applicable to civil actions." Rule 12 of the Habeas Corpus Rules of Procedure for § 2254 proceedings provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Fed. R. Civ. P. 15 governs amendments to pleadings in civil actions. The Second Circuit applies Rule 15 to a motion by a state habeas petitioner to amend his petition. *See Fama v. Commissioner*, 235 F.3d 804, 815 (2d Cir. 2000) ("Subsection (c) of Rule 15 governs motions to amend where (as here, given the AEDPA) the statute of limitations for the underlying cause of action has already run.").

Rule 15(a)(2) provides that where, as in the case at bar, leave of the district court is required to amend a pleading, the court "should freely give leave when justice so requires." Rule 15(c)(1) provides: "An amendment to a pleading relates back to the date of the original pleading when: . . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading." In *Fama* the Second Circuit, applying Fed. R. Civ. P. Rule 15 to a state habeas petitioner's motion to amend his petition, said that the purpose of the relation-back provision in Rule 15(c)(1)(B) is to "provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." 235 F.3d at 815. Similarly, in *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court applied Rule 15(c) analysis to the question of whether a habeas petitioner's proposed amended petition related back to the date of the original petition. I follow these precedents in the case at bar.

E.     **Ruling on Motion to Amend the Petition**

Given the provisions of Rule 15 and the policies underlying them, there is no substance to

6

the Respondent's objection that allowing the proposed amendment would be futile because it asserts "new" claims that are barred by the AEDPA statute of limitations. That argument fails for two reasons. First, the specific acts of information suppression the proposed Amended Complaint alleges are not "new" in any fair sense of the word. Lewis's core claim is, and has been from the beginning, that the State wrongfully withheld from him information that would have exculpated him from the charges against him, or impeached the testimony of a key prosecution witness: information to which Lewis was entitled under *Brady* and other Supreme Court authority. The briefs of counsel debate at length whether each of the specific alleged suppressions of information were at issue during the protracted course of prior proceedings in the case, but I do not think that is determinative of the present motion. They are all manifestations of a previously asserted claim: that the State prosecutors failed in their duty to make Lewis and his defense attorney aware of information to which they were entitled. There is authority for the proposition that this prosecutorial obligation extends to police misconduct, such as a detective overcoaching and suggesting inaccurate facts to a potential State witness, even if the prosecutors had not known of it at the time. In *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), the Supreme Court held that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Thus viewed, the prosecutors' conduct in Lewis's case, whether of commission or omission, gives rise to a single overarching claim: that of a *Brady* violation.

Second, even if, contrary to that conclusion, the proposed Amended Complaint asserts "new" claims of a *Brady* nature, under Rule 15(c) the amendment clearly relates back to the date of Lewis's original petition, as to which no time-bar argument is or could be made. The "conduct" of which Lewis complains is the prosecutors' asserted determination to withhold from, or failure to disclose

to, Lewis and his attorney information that might assist the defense: a dereliction of duty that manifested itself in a number of ways. The most that can be said for the State on this motion is that the Amended Complaint alleges *new* (or more precisely, *different*) manifestations of information suppression; but they relate back to the course of conduct which has from the inception of the case been the basis of Lewis's *Brady* claim.

Relation back in the case at bar is compelled by the Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644 (2005), *reh'g denied*, 545 U.S. 1158 (2005). The Court applied Federal Rule of Civil Procedure 15(c), read in conjunction with the habeas corpus rules of practice, and held that a particular claim in a habeas petitioner's proposed amended petition did not relate back to the date of the original petition. Having stated that holding, the Court was careful to conclude its opinion with these words:

> Our rejection of Felix's translation of "same conduct, transaction or occurrence" [in Rule 15(c)(2)] to mean "same trial, conviction or sentence" scarcely leaves Rule 15(c)(2) meaningless in the habeas context. So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order. Our reading is consistent with the general application of Rule 15(c)(2) in civil cases, with Habeas Corpus Rule 2(c), and with AEDPA's installation of a tight time line for § 2254 petitions.

545 U.S. at 664 (footnotes, citations and internal quotation marks omitted).[1] In a footnote dropped at this point in the text, the Court cites with approval the Eighth Circuit's opinion in *Mandacina v. United States*, 328 F.3d 995, 1000-1001 (8th Cir. 2003), where "the original petition alleged violations of *Brady v. Maryland*, [373 U.S. 83 (1963)], while the amended petition alleged the Government's failure to disclose a particular report." 545 U.S. at 664 n.7 (citation omitted). "Both

---

[1] The numbering of subsections in Rule 15(c) has changed between the Court's decision in *Mayle* and the present time. The text of this Ruling uses the present numbering.

pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back." *Id.*

In the case at bar, I think it plain that all failures to disclose information Lewis asserts in either his original petition or the proposed amended petition, each alleged to be violative of *Brady* and its progeny, arise out of the "same trial, conviction or sentence" and are "tied to a common core of operative facts," specifically, the prosecutors' asserted series of failures to disclose exculpatory or impeaching information to which Lewis and his defense attorney were entitled. The Court's reasoning in *Mayle*, from which the quoted phrases are taken, requires the conclusion that Lewis's amended petition relates back to the date of his original petition.

In consequence, there is no substance to the Respondent's present contention that the Amended Complaint's *Brady* claim is time-barred.

As for Respondent's alternative ground for objection, this Court held in its prior Ruling [Doc. 113] that Petitioner's *Brady* claim was not barred by his failure to exhaust state remedies. Nothing in this motion to amend changes that holding, particularly in view of the relation-back provisions of Rule 15(c).

Lewis will be allowed to amend his petition to include the proposed allegations in support of Claim One, the *Brady* claim.

**F.     Other Considerations**

As noted, one of Respondent's points of objection to the amendment relates to allegations relating to Ruiz's alleged perjured testimony. That implicates and is embraced by Claim Two of the proposed Amended Complaint, the perjury claim. The Court's prior Ruling [Doc. 113] held that this

claim is procedurally barred. Neither the present motion to amend, nor this Ruling upon it, has any effect upon that aspect of the prior Ruling in respect of the perjury claim. Assuming without deciding that any additional perjury allegations in the Amended Complaint should be regarded as stating a "new" claim, I allow the amendment under Fed. R. Civ. P. 15(c), substantially for the reasons stated in Part II.E., *supra*.

As for Claim Three of the Amended Complaint, the third-party confession claim, Respondent has always conceded that this claim is neither non-exhausted nor time-barred, and that an evidentiary hearing is required. The present motion and Ruling have no effect upon that aspect of the case.

### III.  CONCLUSION

For the foregoing reasons, the motion of Petitioner Scott T. Lewis for leave to file an Amended Complaint in the form attached to his motion papers is GRANTED.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         February 19, 2013

                                        */s/Charles S. Haight, Jr.*
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge