UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT T. LEWIS, | : | |
| Petitioner, | : | **CASE NO. 3:03-cv-196 (CSH)** |
| v. | : | |
| COMMISSIONER OF CORRECTION, | : | |
| Respondent. | : | **MARCH 27, 2013** |

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

Counsel for Petitioner Lewis have filed two Motions to Authorize Discovery [Docs. 178 and 179], accompanied by a Proposed Discovery Order [Doc. 181] that would seem to be appropriate for the most part if, but only if, Petitioner's two motions to authorize discovery were granted in full.

Issues arise because counsel for the Respondent State, the only entity upon which Petitioner served his motions to authorize discovery, argues in response [Doc. 183] that for various reasons the motions should be denied in full, subject only to a form of voluntary discovery which will be described *infra*.

One of Petitioner's motions [Doc. 178] seeks, according to its caption, "discovery from the State of Connecticut." The other motion [Doc. 179] seeks, according to *its* caption, "Federal discovery." The Proposed Discovery Order [Doc.181], if signed by the Court, begins by stating that it "authorizes discovery of the unredacted full investigative file of the Federal Bureau of

1

Investigation (FBI) in Investigation No. 194C-NH-32550 and further authorizes Petitioner to depose former Special Agent Brian Donnelly with respect to that investigation." The motion papers indicate that Petitioner's counsel are dissatisfied with redacted contents of this file, furnished to them by the FBI in response to an FOIA request. Presumably, this aspect of the Proposed Order would be served upon the United States Department of Justice in order to obtain compliance with it.

The Proposed Order goes on to say that it "orders disclosure by Respondent of the following items:" There follows a detailed list of documents and files relating to several subjects, generated by or provided to the State's Attorney, the New Haven Police Department, the New Haven Mayor's Office, the New Haven Corporation Counsel, and/or "the New Haven State's Attorney" (whoever he or she may be; the reference may be to the New Haven office of the State's Attorney). In addition, the Proposed Order directs "the State's Attorneys answers to the First Interrogatories" and "the New Haven Police Department's answers to the Second Interrogatories," provisions I interpret as directing that these previously served Interrogatories be answered by those whose knowledge of the facts puts them in a position to do so. Lastly, the Proposed Order directs the Respondent to answer previously served requests to admit 75 separately stated facts.

Respondent's response to the motions to authorize discovery makes several points. One is that, as the record in the case reveals, Petitioner already has much of the documentary material falling within the broadly stated categories in the Motions to Authorize. Next, Respondent's counsel notes that her office, that of the Chief State's Attorney, does not represent the FBI, the NHPD, the Mayor of New Haven, or that City's Corporation Counsel, which gives rise to two problems: counsel for the Respondent State cannot speak for those entities or undertake to do anything on their behalf; and the Court cannot appropriately (the point is delicately made) order public entities such as these

to produce anything or do anything without giving their legal representatives opportunities to be heard.  These concerns also implicate the sought-after answers to interrogatories, all of which ask for information generated by and known to the NHPD.  As for the requests to admit, Petitioner himself says in his Motion Brief [Doc.178 at 21] that "the proposed Requests for Admission are designed to tailor the anticipated testimony of David Gold," and "the annotated requests are based on prior proceedings."  If that is so, the relevant material, apparently already in Petitioner's possession,  may furnish grist for the cross-examiner's mill, subject to any evidentiary rulings the Court may make with respect to the scope of the cross.

Rather than  being someone who just says "No," Respondent's counsel says [Doc. 183 at 4] that Respondent "will provide counsel for the Petitioner with an opportunity to inspect more than a dozen boxes of materials currently in the possession of the Office of the Chief State's Attorney." Expanding on that offer [*id*. at 14], Respondent's counsel suggests that Petitioner's counsel come to the State's office in Rocky Hill, Connecticut to inspect "the trial files in *State v. Lewis* and *State v. Morant*," files said to comprise "more than a dozen boxes of materials – including transcripts, briefs, police reports, and other documents already in the petitioner's possession."  In addition, during the course of such an inspection visit, Respondent's counsel will make available to Petitioner's counsel "several stenographer-type notebooks in an envelope contained within the State's file" whose markings indicate "that these notebooks may have been used by former-detective Raucci and that, at some point, they were provided to the FBI, which subsequently delivered them to the New Haven State's Attorney's Office." *Id.* at 17.  Counsel continues in the Response:

> Counsel for the petitioner may inspect these notebooks at the same time that they review the State's file.  As to any other materials that the FBI may have provided to the State, they should be contained in

3

> the files pertaining to the petitioner's prosecution or that of Stefon Morant. Subject to the limitations discussed above, the petitioner's counsel may review them.

*Id*. at 17-18. The last quoted sentence reflects the State's contention that familiar privileges such as attorney-client or attorney's work product may bar inspection or use of certain documents in the files the State invites counsel for Petitioner to examine.

In advance of Petitioner's time to reply to this Response, and without intimating any view on the merits of any issue, the Court issues this Memorandum for the parties' guidance, and in the hope of avoiding preventable delay in the progress of the case. Discovery in this habeas corpus action is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a). "A party requesting discovery must provide reasons for the request." Rule 6(b). In the case at bar, the Court will apply those rules within the context of the particular claims and issues to be litigated in the scheduled evidentiary hearing. Counsel for Petitioner should – and I am confident she will – give careful consideration to the offers and suggestions of quasi-open file discovery Respondent offers, viewing them together with the other evidentiary material already in Petitioner's possession as the result of his energetic litigation over the years. If Petitioner's counsel concludes that Petitioner is entitled to evidentiary material beyond and above these sources, evidence whose discovery Respondent resists for one reason or another in its Response, Petitioner must demonstrate in a Reply his entitlement to discover such material under Rule 6.

While the Court is reluctant to apply pressure during a week filled with holy religious days, solemn and joyful, we must keep the case moving forward. Petitioner is directed to Reply to

> the files pertaining to the petitioner's prosecution or that of Stefon Morant. Subject to the limitations discussed above, the petitioner's counsel may review them.

*Id*. at 17-18. The last quoted sentence reflects the State's contention that familiar privileges such as attorney-client or attorney's work product may bar inspection or use of certain documents in the files the State invites counsel for Petitioner to examine.

In advance of Petitioner's time to reply to this Response, and without intimating any view on the merits of any issue, the Court issues this Memorandum for the parties' guidance, and in the hope of avoiding preventable delay in the progress of the case. Discovery in this habeas corpus action is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a). "A party requesting discovery must provide reasons for the request." Rule 6(b). In the case at bar, the Court will apply those rules within the context of the particular claims and issues to be litigated in the scheduled evidentiary hearing. Counsel for Petitioner should – and I am confident she will – give careful consideration to the offers and suggestions of quasi-open file discovery Respondent offers, viewing them together with the other evidentiary material already in Petitioner's possession as the result of his energetic litigation over the years. If Petitioner's counsel concludes that Petitioner is entitled to evidentiary material beyond and above these sources, evidence whose discovery Respondent resists for one reason or another in its Response, Petitioner must demonstrate in a Reply his entitlement to discover such material under Rule 6.

While the Court is reluctant to apply pressure during a week filled with holy religious days, solemn and joyful, we must keep the case moving forward. Petitioner is directed to Reply to

Respondent's Response on these discovery issues on or before **April 3, 2013.** The dates specified in the Court's Scheduling Order [Doc. 182] remain in effect for the present, although they may have to be enlarged. For the sake of clarity, I do not include in that possibility the scheduled hearing dates of the weeks of **June 3** and **June 10, 2013.** Those dates will be adhered to, unless changed by subsequent Order for good cause shown (which in the context of this case means *really* good cause).

    The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       March 27, 2013

                         */s/Charles S. Haight, Jr.*       .
                         CHARLES S. HAIGHT, JR.
                         Senior United States District Judge