UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT T. LEWIS, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | Civ. Action No. 3:03CV196 (CSH) |
| | : | |
| COMMISSIONER | : | |
| | : | |
| Respondent | : | May 20, 2013 |

## PETITIONER'S RESPONSE TO THE CITY OF NEW HAVEN'S MOTION TO QUASH SUBPOENAS (DOC. 207)

The City of New Haven's motion on behalf of the New Haven Police Department ("NHPD") and the Corporation Counsel of the City of New Haven ("Corporation Counsel") to quash Petitioner's subpoenas conflates the rights of two parties with rather different interests in the present federal habeas proceeding. Petitioner will address the City of New Haven's objections on behalf of the NHPD and Corporation Counsel successively.

While the arguments for quashing the subpoenas to the NHPD are somewhat spurious, the Court's discovery orders encompass a large quantity of material currently possessed by the NHPD. In the interest of efficiency, Petitioner will identify which aspects of the ordered discovery should receive higher priority for production. The City of New Haven ("City") is likely correct that some of the documents requested from Corporation Counsel are privileged attorney-client communications. Mr. Lewis' need for discovery and Corporation Counsel's privilege should be balanced through disclosure of non-privileged documents and identification of withheld privileged documents via a privilege log.

### I. The Subpoenas Served Upon the New Haven Police Department

Discovery in federal habeas cases is unusual. None of the seventeen cases cited in the City's supporting brief are habeas proceedings; before addressing the City's specific objections to discovery from the NHPD, it may be useful to quickly revisit the parameters of federal habeas discovery.[1]

In *Harris v. Nelson*, a habeas petitioner "served upon the respondent warden a series of interrogatories . . . seeking discovery of certain facts directed to proof of a [confidential police] informant's unreliability." 394 U.S. 289, 289 (1969). The Supreme Court ruled that Mr. Harris was entitled to this discovery, and recommended the formulation of rules reflecting the unique nature of federal habeas. 394 U.S. 289, 300 fn. 7 (1969). This recommendation resulted in the 1977 enactment of the Rules Governing Section 2254 Cases ("Habeas Rules").

Discovery under Habeas Rule 6 "is meant to be 'consistent' with *Harris*." *Bracy v. Gramley*, 520 U.S. 899, 909 (1997); 1976 Advisory Committee's Note to Rule 6; *see also* this Court's Memorandum (Doc. 195 at 2) ("*Harris* inspired the Rule"). This makes the City's opposition to Petitioner's two sets of interrogatories concerning confidential police informants particularly ironic.

The Habeas Rules were designed so that petitioners can efficiently obtain information relevant to their claims, despite the procedural quandary posed when a warden is the named respondent, but the petitioner's claims and requested discovery pertain to a state's attorney or police department. *Harris* at 296; Doc 185 at 2; *see also Cherrix v. Braxton*, 131 F. Supp. 2d 756, 776-784 (E.D. Virginia 2001).  Thus, with regard to discovery from the NHPD, the argument that "the City is not a party in the instant matter" (Doc. 207-1) is inapposite.

---

[1] Petitioner has previously provided a more extensive discussion of federal habeas discovery in the Reply to Respondent's Response to Petitioner's Motions to Authorize State and Federal Discovery (Doc. 185 at 1–3) and Memorandum of Law in Support of Petitioner's Motions to Authorize Discovery (Doc. 180).

In federal habeas cases, courts are empowered to order discovery as they see fit, and wardens, police departments, and states' attorneys are presumed to be capable of coordination with regard to production. A court may order the respondent warden to produce documents from the pertinent law enforcement agencies (*see Canalas v. Director, TDJC*, discussed in Doc. 185 at 5); simultaneously direct the discovery order to a prosecutorial office and police department (*see D'Ambrosio v. Bagley*, discussed in Doc. 185 at 5); or simply order that materials and information possessed by the police department be obtained via subpoena (as this Court has chosen to do).

Federal habeas discovery is a powerful and extraordinary tool built to ensure that a person held captive in violation of the Constitution can obtain the materials necessary to prove his or her right to freedom. In relation to the abject horror of unconstitutional detention, procedural niceties regarding who "counts" as an adverse party are beside the point. *See Harris* at 296. The pivotal question in federal habeas discovery is whether the petitioner has shown good cause for the requested discovery. *Bracy* at 909. The Court has already answered this question affirmatively. (Doc. 195, 196,199, 200). Petitioner will now address each of the City's specific objections in turn.

### A. *Materials Subpoenaed from the NHPD are Not Protected by Attorney-Client Privilege*

The City argues that the interrogatories and documents subpoenaed from the NHPD are protected by attorney-client privilege. This is a novel invocation of the privilege for police-generated materials in the context of federal habeas discovery, and given that "the burden of

persuasion in a motion to quash a subpoena is borne by the movant" (Doc. 207-1 at 3), it is the City's obligation to demonstrate how this privilege operates.

The City's argument appears to be that the requested materials contain some communications between the NHPD (the client) and its attorney (Corporation Counsel), and thus that all of the requested materials are exempt from disclosure. The City then proceeds to mischaracterize the Affidavit of Lieutenant Patricia Helliger (Doc. 207-4) as indicating that "there are many instances of attorney-client communication" in the subpoenaed documents (Doc. 207-1), when Lieutenant Helliger's affidavit simply indicates that such communications are present. Given the nature of the requested materials, it is hardly obvious that they will be rife with communications between Corporation Counsel and the NHPD. Regardless of how many instances of attorney-client communication appear within the documents, the appropriate means of protecting the privilege is not through a blanket prohibition on disclosure, but rather through the identification of such materials using a privilege log, as provided for under Rule 26(e) of the District of Connecticut's Local Rules of Civil Procedure and F.R.C.P. 26(b)(5)(A).

   B.  *The Discovery Requested is Not Unduly Burdensome or Duplicative*

The City cites a single employment discrimination case, *Jackson v. AFSCME Local*, 246 F.R.D. 410, in arguing that the NHPD's "burden of compliance clearly exceeds the benefit of producing the materials sought" (Doc. 207-1 at 9). Since the present matter is a habeas case, rather than a normal civil proceeding, Mr. Lewis is only able to issue these subpoenas because the Court has already determined that he has shown good cause that the requested material may help him prove his claim. *Bracy* at 905–906. The "benefit of producing the materials sought" is

that doing so will allow Mr. Lewis access to relevant information necessary for him to make a fully informed argument regarding the constitutionality of his imprisonment; the "burden of compliance" pales in comparison. However, Mr. Lewis recognizes that the materials requested may appear to be extensive, and provides a prioritized list (attached as Ex. 1) should the Court wish to modify its existing discovery orders so as to give the NHPD more time for compliance while ensuring that Mr. Lewis obtains access to the most immediately pertinent material in an expeditious manner.

The City also argues that the materials requested are duplicative of materials already in Petitioner's possession (Doc. 207-1 at 9). In doing so, the City cites multiple times to Petitioner's Motion to Authorize Discovery (Doc. 177), and appears to be suggesting that the materials that Petitioner used to demonstrate good cause for discovery actually demonstrate that discovery is unnecessary, an argument that would effectively nullify Habeas Rule 6. While some of Petitioner's requests overlap with discovery ordered from the State's Attorney and Federal Bureau of Investigation, there are other categories of undisclosed material that are undoubtedly the province of the NHPD; for the most part, the prioritized list (Ex. 1) tracks this jurisdictional continuum.

C. The Subpoenas To the NHPD Are Valid, but Can Be Modified at the Court's Discretion

As discussed above, habeas corpus discovery provides courts with extraordinary power to ensure that petitioners who have demonstrated good cause for their requested discovery are able to obtain it. While Habeas Rule 12 provides that "[t]he Federal Rules of Civil Procedure . . . *may* be applied to a proceeding under these rules," the Advisory Committee's Note to Rule 12 makes

clear that this rule "is intended to conform with the Supreme Court's approach in the *Harris* case." The Advisory Committee's Note further states that a habeas court "does not have to rigidly apply rules which would be inconsistent or inequitable in the overall framework of habeas corpus." Rather, habeas courts have "discretionary power to use their judgment in promoting the ends of justice."

The Court can use any of several means to operationalize its discovery orders. So long as Mr. Lewis obtains the requested materials and answers to the interrogatories, he has no preference regarding the particular procedure by which this discovery is obtained.

## II. The Subpoena Served Upon Corporation Counsel

The subpoena served upon Corporation Counsel does not violate attorney-client privilege, is neither unduly burdensome nor duplicative, and was authorized by this court.

In 1999, Corporation Counsel conducted a review of documents that culminated in Mayor John DeStefano, Jr.'s request that the NHPD reopen its investigation to determine whether "Detective Raucci's role in the Turner/Fields investigation did or did not create a situation in which an individual is inappropriately incarcerated for murder" (Doc. 177, Ex. 7). The communications between Corporation Counsel and Mayor DeStefano that led to this recommendation are privileged, but the materials upon which they based the recommendation are not. Corporation Counsel can adequately protect the attorney-client privilege through use of a privilege log, as provided for under Rule 26(e) of the District of Connecticut's Local Rules of Civil Procedure and F.R.C.P. 26(b)(5)(A).

While some of the materials reviewed by Corporation Counsel were provided by Mr. Lewis' former attorney Michael Jefferson, it would be quite surprising if Corporation Counsel made such an extraordinary recommendation without gathering information from any sources other than Attorney Jefferson. Thus, the requested discovery is unlikely to be duplicative of material already in Mr. Lewis' possession. However, if the only material that Corporation Counsel reviewed was that provided by Attorney Jefferson, then the requested discovery will almost certainly not be unduly burdensome. Furthermore, Petitioner agrees that Corporation Counsel need not disclose the 187 pages of FBI documents provided by Jefferson.[2]

The City's argument that the Court has not authorized the subpoena to Corporation Counsel employs the following chain of reasoning: the Court ordered discovery by the Respondent of an itemized list of requests; the authorization for Petitioner to subpoena Corporation Counsel appeared within that itemized list (Doc. 196 at 2, item D); so therefore the Court never authorized Petitioner to subpoena Corporation Counsel (Doc. 207-1 at 10). Petitioner believes the Court's order evinced sufficient clarity. However, should the Court deem modification necessary, the Habeas Rules provide ample authority for doing so.

### III. Conclusion

The City's motion to quash Petitioner's subpoenas upon the NHPD and Corporation Counsel poses objections inconsistent with the extraordinary nature of federal habeas discovery. The City's concerns regarding attorney-client privilege can be addressed through appropriate use of a privilege log. Petitioner has demonstrated good cause for the requested discovery from the

---

[2] These 187 pages are included in the Appendix to Petitioner's Corrected Amended Petition (Doc. 143-2) as Exhibit 39.

NHPD, but has provided a prioritized listing of these requests should the Court wish to order expedited production of certain items (Ex. 1). The Court should craft its orders to reflect the procedural mechanisms that it deems most appropriate. Habeas discovery empowers courts to quell relentless procedural wrangling so as to ensure that a person imprisoned in violation of the United States Constitution can efficiently obtain the materials necessary to prove his right to freedom.

Respectfully submitted,

By ____/s/_____
Brett Dignam
Attorney for Petitioner Scott T. Lewis
CT 00283
Morningside Heights Legal Services, Inc.
435 West 116th Street - Room 831
New York, NY 10027
212-854-4291
Fax: 212-854-3554
Email: bdigna@law.columbia.edu

Certificate of Service

I hereby certify that on this date a copy of the foregoing Petitioner's Response was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By ____/s/_____
Brett Dignam
Attorney for Petitioner Scott T. Lewis
CT 00283
Morningside Heights Legal Services, Inc.
435 West 116th Street - Room 831
New York, NY 10027
212-854-4291
Fax: 212-854-3554
Email: bdigna@law.columbia.edu