UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT TALMADJE LEWIS, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-196 (CSH) |
| v. | : | |
| | : | |
| COMMISSIONER OF CORRECTION, | : | **MAY 28, 2013** |
| | : | |
| Respondent. | : | |

## PRELIMINARY ORDER ON RESPONDENT'S MOTIONS *IN LIMINE*

**HAIGHT, Senior District Judge:**

In advance of the evidentiary hearing scheduled in this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, counsel for the Respondent Commissioner of Correction has filed ten motions *in limine* which seek to exclude the testimony of ten of the 23 witnesses listed by Petitioner that he intends to call at the hearing. The ten witnesses in question, with the bracketed docket numbers of the respective motions seeking to exclude their hearing testimony, are as follows:

John Bashta        [213]

Diane Basilicato   [214]

Chris Corcoran     [215]

James Fleming      [216]

Leonard Jackson    [218]

Ellen Knight       [219]

Millie Martinez    [220]

      Brett Mollin         [221]

      Jose Roque         [222]

      Lisa Cannon        [223]

A common theme running through Respondent's motions to exclude the testimony of these individuals is that their testimony would not be relevant to the issues presented to the Court for resolution in deciding whether Petitioner is entitled to habeas corpus relief. Those issues are defined explicitly in Petitioner's Corrected Amended Petition [Doc. 174] ("CAP"), which is the operative pleading in the case.

With respect to Petitioner's claim of constitutional and *Brady* violations in the form of State suppression of exculpatory or impeachment evidence, the CAP alleges in ¶ 285 ("Claim One"), at page 85: "The State failed to disclose six pieces of material evidence:" Six numbered and specific facts or sets of circumstances are then listed. *Id*. at pages 85-86.

The CAP alleges as a separate constitutional ground for relief the State's denial of Petitioner's right to present a defense: specifically, the State's allegedly wrongful conduct resulting in the exclusion of Detective Maher's report from evidence at Petitioner's criminal trial. *See* CAP at ¶ 355 ("Claim Three"), at page 114.

Respondent contends on the present *in limine* motions that none of the ten individuals in question, and nothing in their proposed evidence at this hearing, have anything to do with, bear any relation to, or are implicated in any way with the specific violations Petitioner asserts in his CAP as grounds for relief. Accordingly, Respondent concludes, this testimony should be excluded as irrelevant to the issues posed by the CAP. Respondent relies upon Rule 401 of the Federal Rules of Evidence, which defines "relevant evidence," and Rule 402, which concludes with the terse

direction: "Irrelevant evidence is not admissible."

These are questions of substance. The exigencies of time, resulting from the hearing beginning date of June 3, 2013, do not allow Petitioner to respond to these motions within the usually proscribed time allowances for motion practice. Petitioner's counsel must respond to these motions as promptly as the circumstances, undoubtedly somewhat hectic, permit. In his responses, Petitioner must address these questions:

1. Does Petitioner agree in principle that to be admissible at the hearing, proposed evidence must be relevant to the claims for relief alleged in the Corrected Amended Petition?

2. If Petitioner agrees with the principle stated in Question 1, what is the relevance to those claims of the testimony proposed to be elicited from each of these ten individuals?

3. If Petitioner disagrees with the principle stated in Question 1, and contends that the proposed evidence is admissible at the hearing notwithstanding a lack of relevance to the claims for relief asserted in the CAP, upon what authority does Petitioner rely?

Decision on the Respondent's ten motions *in limine* is reserved pending further briefing.

The foregoing is SO ORDERED.

Dated:  New Haven, Connecticut
          May 28, 2013

                                                    /s/Charles S. Haight, Jr.
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge