UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTT TALMADJE LEWIS, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-196 (CSH) |
| v. | : | |
| | : | |
| COMMISSIONER OF CORRECTION, | : | **MAY 28, 2013** |
| | : | |
| Respondent. | : | |

## RULING ON MOTION TO QUASH SUBPOENAS

**HAIGHT, Senior District Judge:**

The City of New Haven, acting on behalf of the New Haven Police Department ("NHPD"), and the office of the Corporation Counsel of the City of New Haven move to quash subpoenas directed to the NHPD and to the Corporation Counsel by the Petitioner in this habeas corpus action under 28 U.S.C. § 2254. [Doc. 207]. Counsel for Petitioner have responded to that motion.

Assuming without deciding that the Court's prior Discovery Order [Doc. 196] did not authorize Petitioner to serve the subpoena in question upon the NHPD, that authority is now granted by this Order, *nunc pro tunc*.

The materials sought to be reached by these subpoenas are in general terms properly discoverable in this habeas proceeding, and to the extent the NHPD and Corporation Counsel contend otherwise, their contentions are unpersuasive. Petitioner's counsel, in the responsive papers [brief, Doc. 217] and priority list [Doc. 217-1], properly recognize that the subpoenas will put their recipients to considerable effort, and prioritize the order in which documents should be produced by

the NHPD, within the context of the evidentiary hearing on the habeas action which is scheduled to begin on June 3, 2013. That is a useful proposal. The NHPD is directed to use its best efforts to produce the documents called for by the subpoenas as promptly as possible, following the order of priority specified in Doc. 217-1. While the Court acknowledges and appreciates the efforts to which the NHPD will be put by this subpoena, those in present command of the Department should perhaps reflect that a driving cause of this habeas corpus proceeding is the questionable conduct of a former NHPD detective.

In their motion to quash, both the NHPD and Corporation Counsel invoke in general terms the attorney-client privilege. The Petitioner cannot respond to a claim of privilege, and the Court cannot evaluate the claim, in the absence of the sort of privilege log embraced by familiar discovery rules and practice. On the present record, the subpoena recipients' claims of attorney-client privilege are DENIED, without prejudice to reassertion on a proper showing.

For these reasons, the motion on behalf of the New Haven Police Department and by the Corporation Counsel of the City to quash the subpoenas served upon them by Petitioner [Doc. 207] is DENIED, without prejudice to renewal in conformity with this Ruling. The moving parties are directed to COMPLY with the subpoenas, as MODIFIED in respect of the NHPD by this Ruling.

The foregoing is SO ORDERED.

Dated:  New Haven, Connecticut
          May 28, 2013

                                                */s/Charles S. Haight, Jr.*
                                                CHARLES S. HAIGHT, JR.
                                                Senior United States District Judge