UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SCOTT TALMADJE LEWIS,            )
Petitioner                       )
v.                               )   CIVIL ACTION No. 3:03-CV-196 (CSH)
                                 )
COMMISSIONER OF CORRECTION,      )
Respondent                       )   MAY 31, 2013

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**
**(RE MOTION TO QUASH SUBPOENA)**

**I.     INTRODUCTION**

This memorandum is filed in support of the Motion for Reconsideration of the Motion to Quash filed by the City of New Haven on behalf of Police Department (the "NHPD"). It addresses three distinct aspects of the Court's Order (Doc. 231, hereinafter the "Order"): (i) the parameters of the Order as they relate to the privilege logs (attached), the variously asserted privileges therein and the need to protect confidential informants and the confidentiality of ongoing murder investigations; (ii) the terms of the Court's Order as they relate to the NHPD's answers to interrogatories, and (iii) The Court's assessment of the privilege logs provided herewith as per the terms of the Court's Order. This memorandum will analyze each of these issues in turn.

The City of New Haven respectfully asks the Court to reconsider and modify its ruling as needed to protect the ongoing murder investigations involving the deaths of Jacqueline Shaw and Javier Torres. The need to reconsider and modify the Court's Order is paramount in light of the need to protect the safety of witnesses and confidential police informants in these open homicide

1

cases being conducted by the NHPD.[1]  The NHPD further seeks reconsideration of the Court's Order insofar as it requires a response to interrogatories that fail to abide by the Federal Rules of Civil Procedure.  In addition, pursuant to the terms of the Court's May 28th Order, the NHPD and New Haven Corporation Counsel further move the Court to reconsider the other claims of privilege as per the appended privilege logs and modify its Order accordingly.[2]

## II.   LEGAL STANDARD

Motions for reconsideration must be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order. ACEquip Ltd. v. Am. Eng'g Corp., 218 F.R.D. 364, 365 (D. Conn. 2003), citing D. Conn. L.R. Civ. P. 7(c).  Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir.1995).

The assertion of privilege must be supported in a privilege log via descriptions and comments for of documents which "provide enough information to support the privilege claim. . ." United States v. Construction Products Research, Inc., 73 F.3d 464, 474-75 (2nd Cir. 1996), citing Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 475 (S.D.N.Y.1993); Allendale Mut. Ins.

---

[1] These issues were not addressed or considered by the Court in the initial Motion to Quash because the Court's prior orders appeared to have denied the Petitioner's discovery requests as to the NHPD.

[2] On behalf of the City of New Haven, the Office of Mayor, Corporation Counsel and the NHPD, the undersigned respectfully submits that the time constraints placed upon these agencies did not allow for the generation of these logs before the required filing of a motion to quash.

Co. v. Bull Data Sys., Inc., 145 F.R.D. 84, 88 (N.D.Ill.1992) (privilege log should provide "a specific explanation of why the document is privileged").

### III.  FACTS AND PROCEDURAL HISTORY

#### A.  The Court's Discovery Orders:

In federal habeas cases, courts are empowered to order discovery as they see fit. The Court duly exercised its discretion both in permitting and limiting discovery. Bracy v. Gramley, 520 U.S. 899, 909 (1997) (discovery under Rule 6 properly confided to District Court's discretion). Specifically, in its May 7th modification of its Rule 6 orders the Court took note of the limitations on discovery, specifically stating that its orders did not extend to the NHPD:

> The Court pointed out in its most recent Memorandum that the Office of the State's Attorney does not represent the NHPD, and that "counsel for Petitioner must pursue this aspect of discovery with the NHPD directly." Neither the NHPD nor its counsel have been served with the present motion, and the resolution of the motion cannot be extended to that agency.

(Doc. 202 at 1; emphasis added; citations omitted). While the Court's April 23rd Discovery Order expressly allowed the Petitioner to subpoena the New Haven Mayor's Office and Corporation Counsel, it did not allow for the subpoena of the NHPD. As such, the subpoena of the NHPD was issued without a judicial determination of its propriety and the motion to quash was the appropriate vehicle by which to address it. Jackson v. AFSCME Local 196, 246 F.R.D. 410, 412 (D. Conn. 2007), citing United States for Use of Tilo Roofing Co. v. J. Slotnik Co., 3 F.R.D. 408 (D. Conn. 1944) (motion to quash appropriate where no prior judicial approval of subpoena).

3

Furthermore, both prior to and in its May 28th Order, the Rule 6 discovery orders did not suggest that the NHPD had been ordered to respond to written interrogatories,[3] which are referenced as item 6 of the Subpoena.

**B.     The City's response to discovery; privilege logs:**

The City is responding to the Petitioner's discovery, in accordance with the Petitioner's priorities list (Doc 217-1), as follows:

1. "The New Haven Police department's answers to the Second Interrogatories" are provided – without attestation – as further explained in section IV-B hereof.
2. "The New Haven Police department's answers to the Fourth Interrogatories" are provided – without attestation – as further explained in section IV-B hereof.
3. "Any and all records documenting or assessing Frank Graham's role as a registered informant" have – as yet – not been found. Investigation is pending and any such records will be provided to the extent no law enforcement privilege exists in relation thereto.
4. "The NHPD files pertaining to the investigation of the murder of Jacqueline Shaw. . ." are subject to claims of law enforcement privilege set forth in the NHPD Privilege Log and more fully described herein.
5. "Any and all statements given by Ovil Ruiz. . ." have not been found, but will be provided to the extent no law enforcement privilege exists.
6. Internal Affairs investigation(s) of Vincent Raucci. . ." will be provided.
7. Any and all diaries, phonebooks. . . seized from 634 Howard Avenue. . ." will be provided to the extent they exist within the custody or control of the NHPD. At this time it appears that any such materials were contained in the Turner/Fields files and turned over to the States Attorney in the Lewis criminal prosecution.

---

[3] See Petitioner's Response at 6.

4

8. The NHPD files pertaining to the Javier Torres shooting investigation, No. 136351. . ." are subject to the limited claim of confidentiality as to the name of an unconvicted arrestee. The file will be provided will said name redacted unless the Court orders otherwise. The City respectfully requests an in camera review of the file in the event the Petitioner deems this information necessary to his claims.

9. "The NHPD files pertaining to the Turner/Fields homicide investigation, No. 112567. . ." shall be provided (note that the recorded media was transferred to the States Attorney in the Lewis prosecution).

10. "Any and all documents provided by the [NHPD] to the F.B.I. in conjunction with F.B.I. Case No. 194C-NH-32550" will be provided to the extent they remain in the possession of the NHPD. As of the time of this memorandum it appears that all such files were taken by the FBI, none remain in the custody of the NHPD and/or the NHPD has no records retrieval mechanism by which to locate files by F.B.I. file number.

11. "Any and all documents made available to the [NHPD] in conjunction with the FBI investigation detailed in the Report of Investigation for FBI Case No. 194C-NH-32550" shall be provided to the extent they can be located within the custody and control of the NHPD. At this time no documents fitting this description have been found.

In addition, the attached privilege logs are provided by the City's Corporation Counsel as they relate to the materials subpoenaed by the Petitioner there from.

## IV. Analysis

### A. The Law Enforcement Privilege

The attached NHPD Privilege Log reveals that the Jacqueline Shaw murder investigation is open and ongoing. The NHPD Log reveals that the Department's files contain identification of witnesses and confidential police informants whose safety would be put in jeopardy if revealed.

Should these records become available to certain prison inmates, or should certain individuals be informed of the identity of these confidential police informants, lives may be in danger. Thus, the Court must consider an appropriate procedure by which to protect these witnesses and confidential informants.

Furthermore, as noted in the NHPD Privilege Log, these law enforcement files contain the following confidential information that should, at a minimum, be subject to in camera review and Court orders for protection and safeguarding: (i) law enforcement memoranda, including detectives notes pertaining to an open and ongoing investigations, including investigatory techniques not otherwise known to the general public; (ii) The identities and personal information concerning sexual assault victims unrelated to the instant matter; (iii) personal information of and uncorroborated allegations as to suspects not subject to arrest, charge or conviction; (iv) unreleased crime scene data involving investigatory techniques not otherwise known to the general public; (v) personal information (including private medical information) concerning the victims of the subject crimes as well as victims of other crimes not necessarily related to the subject crimes.

The harm done to third parties and to law enforcement efforts through the unfettered release of such confidential law enforcement information is of the type that federal courts have deemed irreparable, involving interests that are "both important to and distinct from the resolution of the merits of the case." Linde v. Arab Bank, PLC, 706 F.3d 92, 117 (2nd Cir. 2013). Such highly sensitive privileged materials need be protected from discovery where such grave concerns counterbalance those of the party seeking them. See, e.g., In re City of New York, 607 F.3d 923, 934 (2d Cir.2010) (writ of mandamus issued to prevent disclosure of confidential reports prepared by

undercover New York City Police Department officers that were covered by law-enforcement privilege).

The Court should carefully assess the weight of the Petitioner's need for these privileged materials and deny access where the need for that information is outweighed by the harm to the function of law enforcement and/or innocent third parties. Alternatively, should the Court assess the balance in favor of the Petitioner's need, two procedural mechanisms should be used to protect the function of law enforcement and innocent third parties: (i) a protective order requiring that the documents not be disseminated to third parties, that the Petitioner and his attorneys make no copies of the records, and that only the Petitioner's attorneys handle the documents, and; (ii) a protective order requiring the redaction of names of all witnesses, confidential informants and unconvicted arrestees unless and until such time as the identity of any such person is shown to be relevant and material to the Petitioner's case, the need for which sufficiently counterbalances the threatened harm to any such person.

**B.  NHPD Responses to Interrogatories**

It is yet unclear whether the Court has ordered the NHPD to respond to interrogatories and, if so, what procedure governs. If the Court has ordered the NHPD to respond to the Petitioner's interrogatories, it should modify its Order to include the discovery procedures required under the federal and local rules of procedure.

The NHPD subpoena would require that Lt. Patricia Helliger provide the "New Haven Police Department's answers to" the Petitioner's Second and Fourth interrogatories. (Doc. 207-2 at 8). The NHPD's proposed answers to these two sets of interrogatories are appended hereto. However, these responses are not those of the deponent, Lt. Helliger, inasmuch as she – as the designated

7

representative of the NHPD records keeper – has never been directly involved in any of the 23 year-old investigations. Thus, these responses represent the collective response of several NHPD officers.

Petitioner's various motions for discovery were filed pursuant to and are controlled by the Rules Governing Section 2254 Cases. The "Petitioner's Fourth Interrogatories to the New Haven Police Department" (doc. 200-2) specifically cite those rules as the basis for the Petitioner's request that Respondent answer the interrogatories at issue. Pursuant to the terms and conditions of Rule 6(a), therefore, the Petitioner received the Court's authorization to "conduct discovery under the Federal Rules of Civil Procedure. . ." As such, the Petitioner is required to conduct this discovery pursuant to the Federal Rules of Civil Procedure.

The interrogatories do not comply with the Federal Rules of Civil Procedure for a number of reasons that render the NHPD unable to respond properly pursuant to the Federal Rules of Civil Procedure. These interrogatories were not served on the NHPD pursuant to Rule 33 inasmuch as that procedure is limited to "parties." Furthermore, if the NHPD is somehow considered a party to the action and such questions deemed Rule 33 interrogatories, the Petitioner failed to duly serve them with the required time to answer or object pursuant to 33(b)(2). Such time limitations become all the more significant in light of the fact that the District Court's Rule 6 orders did not authorize the discovery of the NHPD until May 28, 2013.

Alternatively, should the Petitioner argue that the interrogatories constitute a valid "deposition by written question" pursuant to Rule 31(a) (4), the interrogatories should have been directed to the NHPD pursuant to Rule 30(b)(6). This rule required that the subpoena advise the nonparty organization of its duty, right and ability to designate an officer to consent to testify on its behalf. In this way, the use of the appropriate rule would permit the NHPD to designate an officer

competent to respond to the interrogatories at issue. The subpoena does not contain this advisement and thereby fails to comply with Rule 31. (Doc. 207-2 at 1).

In light of the circumstances of the subpoena on Lt. Helliger, should the Court deem it appropriate for the NHPD to answer the interrogatories, it should modify its Order to require Petitioner to serve the interrogatories properly such that the NHPD may name the proper designee(s) to respond.

### C.   Privilege Logs:

The Court's Order denied the Motion to Quash "without prejudice to reassertion on a proper showing." (Doc. 231 at 2). Pursuant to the Order, therefore, the City hereby moves for reconsideration in accordance with the attached privilege logs. The Court should thereupon reconsider its prior ruling as it pertains to the specifically identified privileges set forth in these logs and modify its Order as necessary to protect the materials it deems privileged.

NEW HAVEN CORPORATION COUNSEL,
NEW HAVEN POLICE DEPARTMENT


/s/Thomas E. Katon
Thomas E. Katon
Federal Bar No. ct01565
Susman, Duffy & Segaloff, P.C.
P. O. Box 1684, New Haven, CT 06507
Tele: 203-624-9830/Fax: 203-562-8430
tkaton@susmanduffy.com
Its Attorney

## CERTIFICATION

I hereby certify that on this date a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/Thomas E. Katon
Thomas E. Katon
Federal Bar No. ct01565
Susman, Duffy & Segaloff, P.C.
P. O. Box 1684
New Haven, CT 06507
Telephone: 203-624-9830
Fax: 203-562-8430
tkaton@susmanduffy.com
It's Attorney